IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVE HICKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-811-KAJ |
| ) | |
| DETECTIVE MARZEC, in his ) | |
| individual and official capacity, ) | |
| DAVID HUME, and TOWN OF ) | |
| DELMAR, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| STEVE A. HICKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 05-839-KAJ |
| ) | |
| DET. MARZEC, DEPARTMENT ) | |
| OF DRUG ENFORCEMENT, ) | |
| AGENT TOM JACOBS, TOWN ) | |
| OF DELMAR, and DAVID ) | |
| HUME IV, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Steve Hickman ("Hickman"), initiated two separate lawsuits pursuant to 42 U.S.C. § 1983 as captioned above. He is *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915;

The allegations in the complaints in Civil Case Nos. 05-811-KAJ and 05-839-KAJ involve identical facts concerning Hickman's arrest on September 21, 2005, a search and seizure of property that occurred at the same time, and prosecution of the criminal

matter. Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact. . .to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "District courts have the inherent authority to order consolidation *sua sponte.*" *Plimpton v. Cooper*, 141 F.Supp.2d 573, 575 (W.D. N.C. 2001)(citing *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999)). The complaints concern common questions of law and fact.

IT IS THEREFORE ORDERED that:

1. Civil Case Nos. 05-811-KAJ and 05-839-KAJ are CONSOLIDATED for all purposes.

2. The caption of the Consolidated Action is as follows:

```
STEVE HICKMAN,                      )
                                    )
        Plaintiff,                  )
                                    )       CONSOLIDATED
    v.                              )       Civ. No. 05-811-KAJ
                                    )       Civ. No. 05-839-KAJ
DETECTIVE MARZEC, in his            )
individual and official capacity,   )
DAVID HUME IV, TOWN OF              )
OF DELMAR, DEPARTMENT               )
OF DRUG ENFORCEMENT,                )
and AGENT TOM JACOBS,               )
                                    )
        Defendants.                 )
```

3. The complaint (D.I. 2) filed in Civil Action No. 05-811-KAJ, and the complaint (D.I. 2) and amended complaint (D.I. 8) in Civil Action No. 05-839-KAJ together will stand as the complaint in this Consolidated Action.

4. Should it become necessary during the course of this litigation for

defendants to answer the allegations, the defendants are to answer the complaint that contains the allegations against them, be it Civ No. 05-811-KAJ, Civ. No. 05-839-KAJ or both.

5. All documents previously filed to date in the cases consolidated herein are deemed filed and are part of the record in the Consolidated Action.

6. Hereafter, court pleadings and documents shall filed **only** in Civil Action No. 05-811-KAJ. The Court will not accept pleadings filed in 05-839-KAJ.

_____
UNITED STATES DISTRICT JUDGE

February 1, 2006
Wilmington, Delaware