IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVE HICKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSOLIDATED |
| v. ) | Civ. No. 05-811-KAJ |
| ) | Civ. No. 05-839-KAJ |
| DETECTIVE MARZEC, in his ) | |
| individual and official capacity, ) | |
| DAVID HUME IV, TOWN OF ) | |
| OF DELMAR, DEPARTMENT ) | |
| OF DRUG ENFORCEMENT, ) | |
| and AGENT TOM JACOBS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Steve A. Hickman brings this civil rights action for unlawful seizure of property and wrongful prosecution against Detective Marzec ("Marzec"), the Department of Drug Enforcement (i.e., Drug Enforcement Agency ["DEA"]), Agent Tom Jacobs[1] ("Jacobs"), the Town of Delmar, and David Hume IV ("Hume"). (Civ. No. 05-811-KAJ, D.I. 2; Civ. No. 05-839-KAJ, D.I. 2, 8). Hickman appears *pro se*, and has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. An amended complaint was filed as allowed by Fed. R. Civ. P. 15(a). (Civ. No. 05-839-KAJ, D.I. 8). I now proceed to review and screen the complaints and amended complaint pursuant to 42 U.S.C. § 1915.

**I.      THE COMPLAINTS**

The allegations in the case stem from Hickman's arrest on September 21, 2005, by Marzec, Jacobs, and Cris Quaglino. Hickman alleges that when he was arrested,

---

[1]Hickman does not identify Agent Tom Jacobs' agency of employment.

Marzec and Jacobs used an invalid search warrant to search and seize various items in violation of his constitutional rights under the Fourth and Sixth Amendments to the U. S. Constitution. Hickman also alleges that money and various personal items were turned over the to DEA. He alleges there was no purpose to turn over the items and indicates that at the present time he is not being pursued by the DEA. Hickman alleges that the Town of Delmar, through its improper training, supervision, and authorization, caused these violations. Finally, Hickman alleges that David Hume prosecuted him on the same charge that he was arrested for on June 30, 2005, violating his Sixth Amendment rights.

Hickman seeks monetary damages, declaratory and injunctive relief, and the return of the seized property.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim

2

when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as plaintiff proceeds *pro se*, I will construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. ANALYSIS

#### A. Sovereign Immunity

Hickman brings this suit against the DEA. The United States, as a sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). Because the DEA is an instrumentality of the United States and has no existence apart from the United States, it is entitled to this immunity as well. *See Clinton County Commissioners v. United States Environmental Protection Agency*, 116 F.3d 1018, 1025 (3d Cir. 1997). Here, there is no indication that the DEA has waived its immunity from suit. Nor, in bringing this suit, has Hickman identified a "specific statutory provision that waives the government's sovereign immunity from suit." *Id.* at 1021 (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Accordingly, I am dismissing the claim against the DEA, pursuant to 28 U.S.C. § 1915(e)(2)(B), as it is immune from suit.

#### B. Prosecutorial Immunity

Hickman names as a defendant Hume, who is employed as an attorney in the Attorney General's Office for the State of Delaware. The claim against him fails.

Hume has absolute immunity in this case for all activities relating to judicial proceedings, inasmuch as prosecutors are absolutely immune for all actions performed

3

in a "quasi-judicial" role. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Notably, a prosecutor's decision whether to initiate a prosecution is protected by absolute immunity because that decision "is at the core of a prosecutor's judicial role." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992) (citing *Imbler*, 424 U.S. at 430-31).

Here, Hickman alleges that Hume prosecuted him on the same charge for which he had been previously arrested. Hume has absolute immunity for his decision to initiate a prosecution against Hickman. Accordingly, I am dismissing the claim against Hume, pursuant to 28 U.S.C. § 1915(e)(2)(B), as it is brought against a defendant who is immune from suit.

### C.   Municipality Liability

Hickman alleges that the Town of Delmar, through its improper training, supervision, and authorization, caused the violations of his constitutional rights. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom...inflicts the injury." *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990). Hence, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and, (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Commissioners v. Brown,* 520 U.S. 397, 404 (1997).

Construing the complaint liberally, as I must, the allegations made by Hickman survive frivolous review. Therefore, he is allowed to proceed against the Town of Delmar.

D.  **Detective Marzec and Agent Tom Jacobs**

Hickman alleges that Marzec and Jacobs violated his right against unlawful search and seizure when they used an invalid search warrant and for no reason turned the seized property over to the DEA. Again, liberally construing the complaint, Hickman has set forth sufficient allegations to survive a frivolous review. Therefore, he is allowed to proceed against Marzec and Jacobs.

IV.  **MOTION FOR RETURN OF PROPERTY**

Hickman and Tawanda Weatherspoon ("Weatherspoon"), as petitioners, filed a petition, with attachments, for return of property. (D.I. 5, 7). Similar to the allegations in the complaints and amended complaint, they argue that Marzec and the DEA are illegally holding their seized property. Subsequent to the filing of the motion, Hickman and Weatherspoon received from the DEA a Notice of Seizure, under 21 U.S.C. § 881. (Civ. No. 05-839-KAJ, D.I. 7). The notice advises Hickman and Weatherspoon of the steps they must take to contest the forfeiture.

The Controlled Substances Act ("Act") permits seizures and subsequent forfeitures of property and money used to facilitate the transportation, sale, receipt, possession, or concealment of illegal drugs. 21 U.S.C. § 881(a). When seized property is valued at less than $500,000, the Act and accompanying regulations authorize civil forfeiture through an administrative action rather than through a judicial proceeding. *Id.;* see also 21 C.F.R. § 1316.77(b); *Longenette v. Krusing*, 322 F.3d 758, 760-61 (3d Cir. 2003). These steps do not include filing a "petition for return of property" using § 1983 as a vehicle for the recovery. Once an individual properly contests the administrative forfeiture, the matter automatically is forwarded to the courts for judicial proceedings.

5

*Longenette*, 322 F.3d at 760-61 (3d Cir. 2003) (citing 19 U.S.C. §§ 1608, 1610; 21 C.F.R. §§ 1316.76(b), 316.78).

I am denying the petition for return of property. Hickman and Weatherspoon's remedy to contest the forfeiture is as set forth above and not through this § 1983 action. Additionally, because Weatherspoon is not a party to this § 1983 case, she cannot file motions unless she follows the appropriate Federal Rules of Civil Procedure to intervene.

IV. CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. The clerk of the court shall forward a copy of this order to Hickman.

2. The claims brought against the Department of Drug Enforcement (i.e., Drug Enforcement Agency) and David Hume IV are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The petition for return of property (Civ. No. 05-839-KAJ, D.I. 5) is DENIED.

4. Hickman has raised what appear, at this point, to be cognizable Fourth Amendment claims and he is allowed to PROCEED against Detective Marzec, Agent Tom Jacobs, and the Town of Delmar.

5. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Hickman shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the **each defendant**, as well as for the **Chief Executive Officer for the Town of Delmar.** Additionally, Hickman shall provide the Court with one copy of the complaint from Civ. No. 05-811-KAJ (D.I. 2) and one copy of the complaint and amended complaint from

Civ. No. 05-849-KAJ (D.I. 2, 8) for service upon each defendant. **Furthermore, Hickman is notified that the United States Marshal will not serve the complaints and amended complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each defendant and the chief executive officer for the Town of Delmar within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

6. Upon receipt of the completed "U.S. Marshal 285" form(s) and copies of the complaint, the United States Marshal shall serve a copy of the complaints and amended complaint and this order upon the defendants as directed by Hickman. All costs of service shall be advanced by the United States.

7. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

_____
UNITED STATES DISTRICT JUDGE

February 1, 2006
Wilmington, Delaware