IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVE HICKMAN, | : | |
| | : | |
| Plaintiff, | : | CONSOLIDATED |
| | : | Civil Action No. 05-811-KAJ |
| v. | : | Civil Action No. 05-839-KAJ |
| | : | |
| DETECTIVE MARZEC, in his | : | |
| individual and official capacity, | : | |
| DAVID HUME IV, TOWN OF | : | |
| DELMAR, DEPARTMENT | : | |
| OF DRUG ENFORCEMENT, | : | |
| and AGENT TOM JACOBS, | : | |
| | : | |
| Defendants. | : | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS
MARZEC'S AND JACOBS'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COLM F. CONNOLLY
United States Attorney

By: Seth M. Beausang (I.D. No. #4071)
Assistant United States Attorney
1007 N. Orange Street, Suite 700
Wilmington, Delaware 19801
(302) 573-6277

Dated:  March 31, 2006.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

NATURE AND STAGE OF THE PROCEEDINGS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.     THE COMPLAINTS SHOULD BE DISMISSED
       FOR FAILURE TO STATE A CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       A.     Standard Of Review; Qualified Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

              1.     Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . 8

              2.     Qualified immunity  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       B.     The Complaints Make Clear That
              Marzec And Jacobs Are Entitled To Qualified
              Immunity From Plaintiff's *Bivens* Claims . . . . . . . . . . . . . . . . . . . . . . . . . . 10

              1.     Plaintiff's allegation that Marzec and Jacobs
                     used an illegal search warrant does not state a claim . . . . . . . . . . . . . . . 10

              2.     Plaintiff's allegation that Marzec and Jacobs
                     deprived him of due process when they turned
                     the property over to the DEA does not state a claim  . . . . . . . . . . . . . . . 13

       C.     Plaintiff's Allegation That It Was Somehow
              Improper For Marzec And Jacobs To Turn The
              Property Over To The DEA Does Not State A Claim . . . . . . . . . . . . . . . . . . . 14

II.    DEFENDANTS MARZEC AND JACOBS ARE
       ENTITLED TO SUMMARY JUDGMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

       A.     Standard Of Review Of A Fed. R. Civ. P. 56 Motion.. . . . . . . . . . . . . . . . . . 15

B.    Marzec And Jacobs Are Entitled To Qualified
      Immunity Because They Reasonably Relied In
      Good Faith On The Validity Of The Search Warrant... . . . . . . . . . . . . . . . . . . . . 15

C.    Marzec And Jacobs Seized Plaintiff's Property
      On Behalf Of The DEA; They Did Not Turn
      Plaintiff's Property Over To The DEA  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Arizona v. Evans*,
    514 U.S. 1 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*,
    403 U.S. 388 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13

*Bye v. United States*,
    105 F.3d 856 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

*Calero-Toledo v. Pearson Yacht Leasing Co.*,
    416 U.S. 663 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Chinchello v. Fenton*,
    805 F.2d 126 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Cole v. Sharp*,
    898 F. Supp. 799 (D. Kan. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Couden v. Duffey*,
    305 F. Supp. 2d 379 (D. Del. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*DiLorenzo v. Edgar*,
    C.A. No. 03-841-SLR, 2004 WL 609374 (D. Del. Mar. 24, 2004) . . . . . . . . . . . . . . . . 13

*Doe v. Delie*,
    257 F.3d 309 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Groh v. Ramirez*,
    540 U.S. 551 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Heine v. Rice*,
    No. 8:00CV2297T24TBM, 2001 WL 1338780 (M.D. Fla. Apr. 9, 2001) . . . . . . . . . 8-9

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Merck & Co. Sec. Litig.*,
    432 F.3d 261 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Tower Air, Inc.*,
    416 F.3d 229 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Leveto v. Lapina*,
    258 F.3d 156 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lyons v. Robinson*,
    783 F.2d 737 (8th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*McLaughlin v. Watson*,
    271 F.3d 566 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Oran v. Stafford*,
    226 F.3d 275 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Siegert v. Gilley*,
    500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Steele v. United States*,
    267 U.S. 498 (1925) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*St. Surin v. Virgin Islands Daily News, Inc.*,
    21 F.3d 1309 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Avarello*,
    592 F.2d 1339 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*United States v. Bedford*,
    519 F.2d 650 (3d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Clement*,
    747 F.2d 460 (8th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Durk*,
    149 F.3d 464 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*United States v. Gitcho*,
    601 F.2d 372 (8th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Leon*,
    468 U.S. 897 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 16

*United States v. Ten Thousand Seven Hundred Dollars*
*and No Cents in United States Currency*,
    258 F.3d 215 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Trenary*,
    473 F.2d 680 (9th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 15

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Civ. P. 56(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 981(a)(1)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14

18 U.S.C. § 1956(c)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14

## NATURE AND STAGE OF THE PROCEEDINGS

On November 25, 2005, Plaintiff Steve Hickman, appearing pro se and requesting in forma pauperis status, filed Civil Action No. 05-811 alleging, among other things, that on September 21, 2005, Detective Marzec and "several Police Officers" arrested Plaintiff on drug charges and that Marzec "used a invalid search warrant to search and seize" $12,900 in cash, a 1999 Dodge Durango, "numerous receipts and records" and a cell phone. (C.A. No. 05-811 Compl. at 3.) That complaint also names as a defendant David Hume, who allegedly prosecuted Plaintiff, and the Town of Delmar, which allegedly failed to properly train and supervise its police officers. (*Id.*) Civil Action No. 05-811 seeks a declaration that the search and seizure was unconstitutional, an injunction preventing further unlawful acts and punitive damages in the amount of $250,000 per each named defendant. (*Id.* at 3-4.)

On January 5, 2006, Plaintiff, again appearing pro se and requesting in forma pauperis status, filed an amended complaint in Civil Action No. 05-839, again alleging that an illegal search and seizure took place on September 21, 2005. (C.A. No. 05-839 Compl. at 3.) Civil Action No. 05-839 identifies the other two police officers involved in that search as Agents Tom Jacobs and Chris Quaglino. (*Id.*) The Drug Enforcement Administration ("DEA") and Jacobs were named defendants in the first complaint filed in Civil Action No. 05-839, but are not named in the amended complaint; Quaglino is not a named defendant in any of the actions. Civil Action No. 05-839 makes the additional allegation that Marzec, Jacobs and Quaglino improperly turned the property they seized from Plaintiff over to the DEA, which purportedly had "no legal or practical purpose" to "receive or hold" the property because the DEA was not prosecuting Plaintiff. (*Id.*) Civil Action No. 05-839 also names as defendants Hume and the Town of Delmar, raising allegations identical to those raised before. This time, however, Plaintiff seeks

declaratory and injunctive relief, punitive damages in the amount of $500,000 per defendant, and the immediate return of his property.

The Court consolidated Civil Action Nos. 05-811 and 05-839 on February 1, 2006. (C.A. No. 05-811, Doc. No. 4.) The Court also issued a Memorandum Order on that date in which the Court dismissed several of Plaintiff's claims as frivolous pursuant to 42 U.S.C. § 1915. (C.A. No. 05-811, Doc. No. 5.) First, the Court dismissed Plaintiff's claims against the DEA because those claims are barred by sovereign immunity. (*Id.* at 3.) Next, the Court dismissed the claims against Hume because those claims are barred by prosecutorial immunity. (*Id.* at 3-4.) The Court also denied a petition filed by Plaintiff and non-party Tawanda Weatherspoon for the return of Plaintiff's property because Plaintiff's remedy to contest the forfeited property was not through a *Bivens* or § 1983 case – instead, Plaintiff has to first file a claim in the administrative forfeiture proceeding at which time the matter is forwarded to the United States Attorney for commencement of judicial proceedings. (*See id.* at 5-6 (citing *Longenette v. Krusing*, 322 F.3d 758, 760-61 (3d Cir. 2003)).)

Accordingly, the only claims that remain are the claims against Marzec, Jacobs and the Town of Delmar for the alleged improper search and seizure of Plaintiff's property, and the alleged improper transfer of that property to the DEA. This is the Opening Brief In Support Of Defendants Marzec's And Jacobs's Motion To Dismiss Or, In The Alternative, For Summary Judgment. As explained below, all of Plaintiff's claims against Marzec and Jacobs should be dismissed.

## SUMMARY OF THE ARGUMENT

1.      Plaintiff appears to be alleging that federal agents Marzec and Jacobs violated his Fourth Amendment rights when they searched his residence and seized his property. Accordingly, Plaintiff's claims should be construed as *Bivens* claims.  *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  However, federal officers are entitled to qualified immunity from *Bivens* claims unless there was "sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited."  *McLaughlin v. Watson*, 271 F.3d 566, 572 (3d Cir. 2001).  Here, no precedent existed that would have put the defendants on notice that a search warrant that states the correct street address for the residence to be searched, and describes what that residence looks like, is nevertheless invalid merely because it states the wrong town for the residence.  Precedent demonstrates just the opposite – a search warrant like the one used in this case is not invalid.  Accordingly, even if the search warrant was mistaken about the town where Plaintiff's residence was located, Marzec and Jacobs are entitled to qualified immunity and Plaintiff's complaints should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2.      Plaintiff's other claim is that Marzec and Jacobs are somehow liable because they turned the property they seized from Plaintiff over to the DEA, which purportedly had "no legal or practical purpose" to "receive or hold" the property.  It is not clear what theory Plaintiff is pursuing with this claim.  He could be raising another *Bivens* claim, namely, that Marzec and Jacobs deprived him of his property without due process of law.  Or, Plaintiff could be claiming that Marzec and Jacobs violated some unstated federal or state law when they turned the property over to the DEA.  Either way, Plaintiff's claim should be dismissed.

3.      To the extent Plaintiff is claiming that Marzec and Jacobs deprived him of his

property without due process of law, that claim is foreclosed by the United States Supreme Court's decision in *Calero-Toledo v. Pearson Yacht Leasing Co.*, which held that the federal government could seize personal property for purposes of forfeiture without providing a pre-seizure notice and hearing. 416 U.S. 663, 677 (1974).

4.     To the extent Plaintiff is claiming that Marzec and Jacobs violated some unstated federal or state law when they turned Plaintiff's property over to the DEA, that claim should also be dismissed for failure to state a claim. Plaintiff appears to be alleging that it was somehow improper to turn the property over to the DEA because the DEA was not prosecuting Plaintiff. However, federal law allows the federal government to forfeit property that is the proceeds of criminal activity, including drug distribution. *See* 21 U.S.C. § 881. A forfeiture action is a civil action that does not require a federal (or any) criminal prosecution. Accordingly, it was proper for Marzec and Jacobs to turn Plaintiff's property over to the DEA.

5.     Even if Plaintiff's Complaints are not dismissed for failure to state a claim, the United States is entitled to summary judgment of Plaintiff's claims. First, even if the search warrant was invalid – which it was not – Marzec and Jacobs are still entitled to qualified immunity because, as demonstrated in the attached declaration of Marzec, it was objectively reasonable for Marzec and Jacobs to rely on the validity of the warrant. *See United States v. Leon*, 468 U.S. 897, 922 (1984).

6.     Second, Plaintiff's claim that it was improper for Marzec and Jacobs to turn Plaintiff's property over to the DEA must fail because, as demonstrated in the attached declarations, Marzec and Jacobs were working for the DEA at the time and, accordingly, seized Plaintiff's property on behalf of the DEA. In other words, Marzec and Jacobs did not turn Plaintiff's property over to the DEA – the property was in the DEA's possession the whole time.

## STATEMENT OF FACTS[1]

Plaintiff claims that on September 21, 2005, Detective Ronald Marzec and Agents Tom Jacobs and Chris Quaglino arrested Plaintiff on drug charges and that Marzec "used a invalid search warrant to search and seize" from Plaintiff's residence $12,900 in cash, a 1999 Dodge Durango, "numerous receipts and records" and a cell phone.  (C.A. No. 05-811 Compl. at 3; C.A. No. 05-839 Compl. at 3.)  The *only fault* that Plaintiff finds with the search warrant is that it mistakenly stated that Plaintiff's residence was in Ellendale, Delaware; Plaintiff claims his is in the neighboring town of Lincoln, Delaware.  (C.A. No. 05-811 Compl. at 3; C.A. No. 05-839 Compl. at 3.)

Plaintiff does not allege that the search warrant otherwise failed to provide a particularized description of his residence, despite the mistaken town.  Nor could Plaintiff make such an allegation.  The search warrant correctly identified Plaintiff's address as "9008 Greentop Road" in "Sussex County, Delaware" – the same county where both Lincoln and Ellendale are located.  (Ex. B. at 1.)  The search warrant described the place to be searched as "a trailer located on the West side of Greentop Road.  The trailer is beige/tan with white trim, a white foundation, white front door with the numbers '9008' to the right side of the door."  (*Id.*)  Plaintiff does not claim that any of that information is wrong.  Nor does Plaintiff point to a second residence in either Ellendale or Lincoln with the address 9008 Greentop Road that might be confused with Plaintiff's residence.

Plaintiff also claims that Marzec, Jacobs and Quaglino improperly turned Plaintiff's

---

[1]The Statement of Facts is drawn entirely from Plaintiff's Complaints, documents incorporated therein and documents that can be judicially noticed.  Additional facts that are relevant to Marzec's and Jacobs's alternative motion for summary judgment are found in the appropriate parts of the Argument section.  The allegations in Plaintiff's Complaints are assumed to be true only for the purpose of this motion.

property over to the DEA, which allegedly had "no legal or practical purpose . . . to receive or hold" that property.  (C.A. No. 05-839 Compl. at 3.)  According to Plaintiff, it was improper to turn his property over to the DEA because he was not being prosecuted by the DEA.  (*Id.*)  As explained below, however, all of Plaintiff's claims should be dismissed for failure to state a claim.  In the alternative, Marzec and Jacobs are entitled to summary judgment of Plaintiff's claims.

**ARGUMENT**

**I.    THE COMPLAINTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

**A.    Standard Of Review; Qualified Immunity.**

**1.    Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).**

When considering a motion to dismiss the Court must accept the allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001). The Court need not, however, credit "'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Although qualified immunity is an affirmative defense, a complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) when the qualified immunity defense appears on the face of the complaint. *Leveto*, 258 F.3d at 161.

Generally, the Court should not look outside the pleadings when considering a motion to dismiss. However, the Court may consider documents that are referred to in the complaint, even if those documents are not attached to the complaint. *See, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"). Here, Plaintiff claims that the search warrant was illegal because it mistakenly stated that Plaintiff's residence was in Ellendale. Accordingly, to determine whether Plaintiff's Complaints state a claim, the Court should examine the search warrant to see if it sufficiently described Plaintiff's residence so as to comply with the Fourth Amendment. *See, e.g.*, *Heine v. Rice*, No. 8:00CV2297T24TBM, 2001 WL 1338780, at *1 n.2 (M.D. Fla. Apr. 9, 2001) ("Because of the extent to which Plaintiffs rely on Defendant Antolini and Defendant

McLean's [search warrant] affidavits, this Court will consider the affidavits as part of the

pleadings, and Defendants' Motion to Dismiss will not be converted to a Motion for Summary

Judgment.").

### 2.    Qualified immunity.

Qualified immunity protects law enforcement officers from "liability for civil damages

insofar as their conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"One of the purposes of [qualified] immunity – is to spare a defendant not only unwarranted

liability, but unwarranted demands customarily imposed upon those defending a long drawn out

lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 237 (1991).  Qualified immunity "is an *immunity from*

*suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a

case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Accordingly, "until this threshold immunity question is resolved, discovery [by the plaintiff]

should not be allowed." *Harlow*, 457 U.S. at 818.

"In order to defeat an assertion of qualified immunity, a plaintiff must allege that the

official violated a clearly established right." *McLaughlin*, 271 F.3d at 570-71 (quotations

omitted).  Thus, a police officer is entitled to qualified immunity unless there was "sufficient

precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on

notice that his or her conduct is constitutionally prohibited." *Id.* at 572.  Relevant precedent

includes caselaw from the Supreme Court, circuit courts and district courts.  *See Doe v. Delie*,

257 F.3d 309, 321 n.10 (3d Cir. 2001).  As explained below, the Complaints fail to allege that

Marzec and Jacobs violated Plaintiff's clearly established rights.  Accordingly, the Complaints

should be dismissed.

**B.**     **The Complaints Make Clear That Marzec And Jacobs Are Entitled To Qualified Immunity From Plaintiff's *Bivens* Claims.**

**1.**     **Plaintiff's allegation that Marzec and Jacobs used an illegal search warrant does not state a claim.**

Plaintiff's first claim is that Marzec and Jacobs used an illegal search warrant when they searched his residence and seized his property. Of course, Plaintiff's conclusory allegation that the search warrant was illegal is not enough to save the Complaints from a motion to dismiss. Plaintiff must allege some "supporting facts." *In re Tower Air, Inc.*, 416 F.3d 229, 237 (3d Cir. 2005). The only factual allegation that Plaintiff makes concerning the search warrant, however, is that the search warrant was mistaken when it stated that Plaintiff's house was in Ellendale, Delaware. According to Plaintiff, his house is in the neighboring town of Lincoln, Delaware.[2] Even if the search warrant stated the wrong town, however, the search warrant was still valid.

A search warrant provides a sufficient description of the place to be searched for purposes of the Fourth Amendment if the "description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503 (1925); *see also United States v. Bedford*, 519 F.2d 650, 655 (3d Cir. 1975) (same). "The standard . . . is one of practical accuracy rather than technical nicety." *Bedford*, 519 F.2d at 655 (quotations omitted). "Courts routinely have upheld warrants . . . 'where one part of the description of the premises to be searched is inaccurate, but the description has other parts which identify the place with particularity.'" *United States v. Durk*, 149 F.3d 464, 466 (6th Cir. 1998) (quoting *United States v. Gitcho*, 601 F.2d 372, 371 (8th Cir. 1979)).

---

[2]On a motion to dismiss, the Court can take judicial notice that Lincoln and Ellendale are neighboring towns in Sussex County, Delaware. *See, e.g.*, *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 264 n.3 (3d Cir. 2005); *United States v. Trenary*, 473 F.2d 680, 682 (9th Cir. 1973) (taking judicial notice of maps of Southern California and Mexico).

Thus, a search warrant that makes a minor error in the address of the place to be searched – such as the warrant at issue here – will still be valid so long as an officer can ascertain and identify the place to be searched with reasonable effort. *See, e.g.*, *Durk*, 149 F.3d at 465-66 (holding that a search warrant for "4612 Fulton" Street was valid even though the Defendant's residence was "4216 Fulton" Street because the warrant correctly identified the Defendant's house as a "single-family red brick ranch home" with other unusual features); *Lyons v. Robinson*, 783 F.2d 737, 738 (8th Cir. 1986) (holding that a search warrant for "325 Atkinson Street" was valid even though the Defendants address was "325 Short Street," because the Defendant's residence was a corner lot where Atkinson and Short Streets intersect and the officer "obviously misread the street sign"); *United States v. Avarello*, 592 F.2d 1339, 1344 (5th Cir. 1979) (holding that a search warrant was valid even though it specified the wrong city for the Defendant's residence because the search warrant included the correct street address and described in detail what the building looked like).

Assuming that the search warrant was mistaken when it stated that Plaintiff's residence was in Ellendale, Delaware, the search warrant was still valid because it described Plaintiff's residence with sufficient particularity such that an officer could identify the place to be searched with reasonable effort. For example, the search warrant stated that the place to be searched was located at "9008 Greentop Road" in "Sussex County, Delaware" – the same county where both Lincoln and Ellendale are located. (Ex. B. at 1.) The warrant further described the place to be searched as "a trailer located on the West side of Greentop Road. The trailer is beige/tan with white trim, a white foundation, white front door with the numbers '9008' to the right side of the door." (*Id.*) Plaintiff does not claim that any of that information is wrong. Nor does Plaintiff point to a second residence in either Ellendale or Lincoln with the address 9008 Greentop Road

that might be confused with Plaintiff's residence.  Accordingly, even if the search warrant was mistaken when it stated that Plaintiff's residence was in Ellendale, Delaware, the search warrant was still valid because it particularly described Plaintiff's residence.  *See Durk*, 149 F.3d at 465-66; *Robinson*, 783 F.2d at 738; *Avarello*, 592 F.2d at 1344.

It is also important to note that – as the search warrant makes clear – Marzec had been to Plaintiff's residence on numerous occasions before he applied for the warrant.  (*See, e.g.*, Ex. B ¶ 11 (describing how Marzec conducted surveillance of Plaintiff's residence on Greentop Road).)  Many courts have upheld search warrants with minor errors when, as here, the officer who applied for and executed the warrant was familiar with the place to be searched.  *See, e.g.*, *United States v. Clement*, 747 F.2d 460, 461 (8th Cir. 1984) (finding that warrant's description denominating incorrect apartment not fatal because the officer had been to residence before, actually knew where suspect lived, and went directly to his apartment in executing the warrant); *Robinson*, 783 F.2d at 738 ("Moreover, where the same officer both applied for and executed the warrant, a mistaken search is unlikely.  Therefore, we find the warrant description sufficient and the warrant valid.") (citations omitted).  Accordingly, there was no chance that Marzec would search the wrong residence.  For all these reasons, the search warrant complied with the Fourth Amendment and Plaintiff's Complaints should be dismissed.

**2.    Plaintiff's allegation that Marzec and Jacobs deprived him of due process when they turned the property over to the DEA does not state a claim.**

Plaintiff's other claim is that Marzec and Jacobs are somehow liable because they turned the property they seized from Plaintiff over to the DEA, which purportedly had "no legal or practical purpose" to "receive or hold" the property.  Although it is not clear what theory Plaintiff is pursuing with this claim, he could be raising another *Bivens* claim, namely, that Marzec and Jacobs deprived him of his property without due process of law.  If Plaintiff is raising a *Bivens* claim, that claim must be dismissed.

The notion that Marzec and Jacobs deprived Plaintiff of his property without due process of law is foreclosed by the Supreme Court's decision in *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663 (1974).  In *Calero-Toledo*, the Supreme Court held the federal government could seize personal property for purposes of forfeiture without providing a pre-seizure notice and hearing, because "seizure for purposes of forfeiture is one of those extraordinary situations that justify postponing notice and opportunity for a hearing."  *Id.* at 677.  Due process requires only a post-seizure notice and opportunity for a hearing, and Plaintiff does not claim that he has been denied those rights, nor could he.  (*See* Ex. A, C.A. No. 05-839, Doc. No. 7 at 1 (document filed by Plaintiff admitting that he received post-seizure notice.);[3] *see also Bye v. United States*, 105 F.3d 856, 857 (2d Cir. 1997) (holding that due process is satisfied if the person receives notice that is "reasonably calculated, in the circumstances, to apprise [the person] of the pendency of the administrative forfeiture proceeding and to afford him an opportunity to present his objections").  Accordingly, Marzec and Jacobs are entitled to qualified immunity and

_____

[3]The Court can take judicial notice of publicly filed documents.  *See, e.g. DiLorenzo v. Edgar*, C.A. No. 03-841-SLR, 2004 WL 609374, at *2 (D. Del. Mar. 24, 2004) (citing *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000)).

Plaintiff's due process claim – if he is making one – should be dismissed.  *See, e.g.*, *Cole v. Sharp*, 898 F. Supp. 799, 804 (D. Kan. 1995) (finding that the defendants were entitled to qualified immunity from claims challenging seizure for the purpose of forfeiture because plaintiff was not entitled to pre-seizure notice and opportunity for a hearing).

### C.     Plaintiff's Allegation That It Was Somehow Improper For Marzec And Jacobs To Turn The Property Over To The DEA Does Not State A Claim.

Although it is not clear, Plaintiff could be claiming that Marzec and Jacobs violated some unstated federal or state law when they turned Plaintiff's property over to the DEA.  If so, that claim should also be dismissed for failure to state a claim.  Plaintiff appears to be alleging that it was improper to turn the property over to the DEA because the DEA was not prosecuting Plaintiff.  However, federal law allows the federal government to forfeit property that is the proceeds of criminal activity, including drug distribution.  *See* 21 U.S.C. § 881.  A forfeiture action pursuant to § 881 is a civil action that does not require a federal (or any) criminal prosecution.  *See, e.g.*, *United States v. Ten Thousand Seven Hundred Dollars and No Cents in United States Currency*, 258 F.3d 215, 224 n.6 (3d Cir. 2001) ("We recognize, of course, that forfeiture under § 881(a) is not conditioned upon an arrest or conviction for a drug offense.").  Accordingly, Plaintiff's allegation that Marzec and Jacobs could not turn his property over to the DEA to be forfeited merely because the DEA was not prosecuting Plaintiff should be dismissed.[4]

---

[4]All claims against Marzec in his official capacity are barred by sovereign immunity and should be dismissed.  *See Chinchello v. Fenton*, 805 F.2d 126, 130 n.4 (3d Cir. 1986).

## II. DEFENDANTS MARZEC AND JACOBS ARE ENTITLED TO SUMMARY JUDGMENT.

### A. Standard Of Review Of A Fed. R. Civ. P. 56 Motion.

The Court need not consider the attached declarations of Marzec and Jacobs to dismiss

Plaintiff's Complaints pursuant to Fed. R. Civ. P. 12(b)(6). If the Court considers those

declarations, however, the Court should convert Marzec's and Jacobs's motion to a motion for

summary judgment, *see, e.g.*, *Couden v. Duffey*, 305 F. Supp. 2d 379, 385 (D. Del. 2004), and

dismiss Plaintiff's Complaints.

Fed. R. Civ. P. 56 provides that summary judgment shall be entered if "there is no

genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter

of law." *Id.* (quoting FED. R. CIV. P. 56(c)). When presented with a motion for summary

judgment, a plaintiff is not allowed to rest on his allegations – rather, he has the burden to set

forth by affidavit or otherwise "specific facts showing that there is a genuine issue for trial."

FED. R. CIV. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party

opposing summary judgment – like Plaintiff – is not entitled to any discovery unless he identifies

"with specificity what particular information is sought; how, if uncovered, it would preclude

summary judgment; and why it has not previously been obtained." *Couden*, 305 F. Supp. 2d at

386 (quoting *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994)).

As explained below, the attached declarations show that Marzec and Jacobs are entitled to

summary judgment of Plaintiff's claims.

### B. Marzec And Jacobs Are Entitled To Qualified Immunity Because They Reasonably Relied In Good Faith On The Validity Of The Search Warrant.

The Supreme Court has explained that police officers are entitled to qualified immunity if

they reasonably rely on the validity of a search warrant that is later determined to be not valid.

*See, e.g.*, *Arizona v. Evans*, 514 U.S. 1, 11 (1995) (citing *Leon*, 468 U.S. at 922); *see also Groh v. Ramirez*, 540 U.S. 551, 565 n.8 (2004) (explaining that *Leon*'s "objective reasonableness" standard also "defines the qualified immunity accorded an officer").  Accordingly, even if Marzec and Jacobs used an invalid search warrant to seize Plaintiff's property, they would still be entitled to qualified immunity because they reasonably believed that the search warrant was valid.

For example, in *Evans*, a police officer entered the defendant's name into his patrol car's computer data terminal, which subsequently indicated that there was an outstanding warrant for the defendant's arrest.  514 U.S. at 7.  Based on the outstanding warrant, the officer arrested the defendant and discovered some marijuana in the defendant's possession.  *Id.*  It turned out that the arrest warrant was not valid but due to an apparent clerical error by a court employee, that information was not relayed to the police.  *Id.*  The defendant in *Evans* accordingly moved to suppress the marijuana on the basis that it was seized pursuant to an invalid warrant.  *Id.*

The Supreme Court rejected that argument and held that the marijuana fell within *Leon*'s good faith exception to the exclusionary rule.  *Id.* at 14.  The Supreme Court so held because there was "no indication that the arresting officer was not acting objectively reasonably when he relied upon the police computer record."  *Id.* at 17; *see also Leon*, 468 U.S. at 922 (holding that evidence is not subject to the exclusionary rule when it is seized by police officers who reasonably rely on the validity of a warrant later determined to be invalid).

Here, just like in *Evans*, there is no indication that Marzec was not acting objectively reasonably when he applied for a search warrant stating that the Plaintiff resided in Ellendale, Delaware.  In fact, Marzec's declaration shows that he and Jacobs reasonably believed that Plaintiff resided in Ellendale, Delaware.  Marzec states he conducted surveillance of the trailer

located at 9008 Greentop Road in Sussex County, Delaware, and observed Plaintiff and his girlfriend, Tawanda Weatherspoon, enter and leave the trailer on numerous occasions. (Marzec Decl., Ex. C ¶ 4.) Before applying for the search warrant, Marzec entered Hickman's and Weatherspoon's name into the Delaware Criminal Justice Information System computer to determine their listed address. (*Id.* ¶ 6.) The computer indicated that Plaintiff lived at an address that Marzec knew was not the Greentop Road location. (*Id.*) The computer indicated that Weatherspoon lived at a rural route address in Ellendale, Delaware. (*Id.*) Marzec knew, upon information and belief, that a few years ago Delaware stopped using rural route addresses for many residences in Sussex County and replaced those addresses with street names. (*Id.* ¶ 7.) Neither Marzec nor Jacobs had any reason to believe that the computer was wrong to indicate that Weatherspoon lived in Ellendale. (*Id.* ¶ 8; Jacobs Decl. Ex. D ¶ 4.) Based on all the foregoing factors, including Marzec's knowledge that Plaintiff and Weatherspoon lived together, Marzec and Jacobs reasonably believed that the was correct when it indicated that Plaintiff's and Weatherspoon's trailer was located in Ellendale, Delaware. Accordingly, Marzec and Jacobs reasonably believed that the search warrant was valid and, therefore, they are entitled to qualified immunity and Plaintiff's Complaints should be dismissed.

> **C.    Marzec And Jacobs Seized Plaintiff's Property On Behalf Of The DEA; They Did Not Turn Plaintiff's Property Over To The DEA.**

Marzec and Jacobs are also entitled to summary judgment of Plaintiff's claim that they improperly turned Plaintiff's property over to the DEA. As demonstrated in Marzec's and Jacobs's declarations, both Marzec and Jacobs were working for the DEA at the time they searched and seized Plaintiff's property. (*See* Marzec Decl. Ex. C ¶¶ 1, 8; Jacobs Decl. Ex. D ¶¶ 1, 3.) Accordingly, Marzec and Jacobs seized Plaintiff's property on behalf of the DEA.

Thus, Marzec and Jacobs did not turn Plaintiff's property over to the DEA – the property was in the DEA's possession the whole time.  Marzec and Jacobs are therefore also entitled to summary judgment of this claim.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Complaints should be dismissed pursuant to Fed. R.

Civ. P. 12(b)(6) for failure to state a claim.  In the alternative, Defendant's Marzec and Jacobs

are entitled to summary judgment of Plaintiff's Complaints.

DATED:  March 31, 2006.

Respectfully Submitted,

COLM F. CONNOLLY
United States Attorney

By:_____/s/ Seth M. Beausang_____
Seth M. Beausang (I.D. No. 4071)
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suit 700
Wilmington, DE 19801
(302) 573-6277

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVE HICKMAN, | : | |
| | : | |
| Plaintiff, | : | CONSOLIDATED |
| | : | Civil Action No. 05-811-KAJ |
| v. | : | Civil Action No. 05-839-KAJ |
| | : | |
| DETECTIVE MARZEC, in his | : | |
| individual and official capacity, | : | |
| DAVID HUME IV, TOWN OF | : | |
| DELMAR, DEPARTMENT | : | |
| OF DRUG ENFORCEMENT, | : | |
| and AGENT TOM JACOBS, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Seth M. Beausang, hereby attest under penalty of perjury that on this 31st day of March, 2006, I caused two copies of Defendants Marzec's and Jacobs's Motion to Dismiss Or, In the Alternative, for Summary Judgment, Opening Brief in Support Thereof and Proposed Order to be served on the Plaintiff by First Class Mail at the following address:

Steve A. Hickman
9008 Green Top Rd.
Lincoln, DE 19960

and counsel for the Town of Delmar by First Class Mail at the following address:

Daniel A. Griffith, Esq.
1220 Market Street, 5th Floor
Wilmington, DE. 19801

/s/ Seth M. Beausang
Seth M. Beausang (DE I.D. No. 4071)