IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| STEVE HICKMAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| DETECTIVE MARZEC, in his individual and official capacity, DAVID HUME, IV, TOWN OF DELMAR, DEPARTMENT OF DRUG ENFORCEMENT, AGENT TOM JACOBS, | ) ) ) ) ) ) ) ) | CONSOLIDATED<br><br>Civ. No. 05-811-KAJ<br>Civ. No. 05-839-KAJ |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TOWN OF DELMAR'S
MOTION TO DISMISS**

**I.      Statement and Nature of the Case**

On November 25, 2005 and December 5, 2005, Plaintiff Steve Hickman (hereinafter "Hickman") filed two separate civil actions alleging violations of his civil rights under nearly identical facts. The first suit, Civ. No. 05-811-KAJ, was filed against Detective Marzec (hereinafter "Marzec"), David Hume IV, and the Town of Delmar. The second suit, Civ. No. 05-839-KAJ, was filed against Marzec, the Drug Enforcement Administration (hereinafter "DEA") and Agent Tom Jacobs (hereinafter "Jacobs"). In January 2006, Plaintiff amended Civ. No. 05-839-KAJ naming only the Town of Delmar and Marzec as defendants. On December 1, 2005, this Honorable Court consolidated Plaintiffs' lawsuits and dismissed the claims against the DEA and David Hume IV on the grounds of sovereign immunity and prosecutorial immunity respectively.

On March 31, 2006, the United States Attorney's Office filed a *Motion to Dismiss, or in the alternative, Summary Judgment* (hereinafter "*Motion to Dismiss*") on behalf of both Marzec and Jacobs. On April 10, 2006, Plaintiff filed a *Memorandum Response*. Both pleadings and their supporting exhibits are incorporated herein by reference.

According to the Complaints, Plaintiff was arrested on September 21, 2005. At the time of his arrest, Defendants Marzec and Jacobs, along with other law enforcement officers,[1] seized a vehicle and U.S. Currency. Plaintiff alleges the seizure was conducted pursuant to an invalid search warrant and the seized property was then illegally turned over to the DEA. This claimed violation of Plaintiff's Fourth and Sixth Amendment rights is allegedly attributable to the Town of Delmar. Specifically, Plaintiff claims the Town of Delmar allowed this to occur through improper training, supervision and authorization.

**II.    Plaintiff's case against the Town of Delmar should be dismissed because the arrest and seizure at issue were conducted pursuant to DEA training, supervision and authorization and cannot be attributed to the Town of Delmar.**

The Plaintiff and Defendants Marzec and Jacobs, through their exchange of pleadings, have demonstrated that a federal DEA investigation resulted in the Plaintiff's arrest and the seizure of his property. These acts have not, and cannot, be attributed to the Town of Delmar.

**A.    Standard of Review**

In considering a motion to dismiss, the factual allegations of the Complaint must be taken as true and dismissal may only be granted where no relief can be granted under any set of facts. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001). In making this determination, the Court may consider exhibits attached to

---

[1] Chris Quaglino is referenced in the allegations made by Plaintiff's Complaints, but has not been named as a party to this litigation.

the complaint, matters of public record , and documents that form the basis of the claim. *See Brown v. Daniels*, 128 Fed. Appx. 910, 913 (3d Cir. 2005)[2]; *see also Lum v. Bank of America*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004). In the event that the Court must consider other documents, a Motion to Dismiss may be converted to a Motion for Summary Judgment. Fed. R. Civ. P. 12(b).

   **B.** **Plaintiff's Complaint challenges the conduct attributable to the DEA and its agents and cannot be attributed to the Town of Delmar.**

  Plaintiff alleges that the Town of Delmar improperly trained, supervised and authorized its law enforcement officers resulting in what Plaintiff alleges is an unlawful seizure of his property. Plaintiff's § 1983 claim is controlled by *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), where the Supreme Court held that where "execution of a government policy or custom . . . inflicts the injury the government as an entity is responsible under § 1983." *Id*. at 694. A municipality cannot be held accountable on a theory of vicarious liability for the actions of its employees, however, *see* i*d.*, and "a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985). The existence and origin of the policy in question must be independently proven. *Id.* at 824.

  The Plaintiff's Complaints and Memorandum Response, in conjunction with the U.S. Attorney's Motion to Dismiss, paint a crystal clear picture of federal law enforcement activity. The Declaration of Ronald Marzec states that although Marzec is a detective with the Delmar Police Department, "from July 9, 1997, until the present, [Marzec] was designated a Task Force Officer with the federal Drug Enforcement Administration." (Marzec and Jacobs' *Motion to*

---

[2] Attached hereto as Attachment A.

*Dismiss*, Exhibit C, ¶ 1.) Marzec adds, "[I]n my capacity as a DEA Task Force Officer, I participated in an investigation into possible illegal narcotics dealing by Steve Hickman." (Marzec and Jacobs' *Motion to Dismiss*, Exhibit C, ¶ 3.) The surveillance, the affidavit in support of the search warrant, the execution of the search warrant, and the seizure of the property, were all the result of the DEA investigation into Hickman's activities. (Marzec and Jacobs' *Motion to Dismiss*, Exhibit C, ¶¶ 4-5 and 9.)

The Affidavit of Probable Cause, upon which Plaintiff's claims are most fundamentally based, states in relevant part, "Your affiant [Marzec] is currently assigned to the United State's Department of Justice Drug Enforcement Administration Drug Task Force. Your affiant's duties in this capacity include the investigation and enforcement of illegal drug and money laundering violations." (Marzec and Jacobs' *Motion to Dismiss*, Exhibit B, pg. 3, ¶ 1.) Agent Jacobs, in his Declaration, reaffirms this fact, stating that "in [his] capacity as a DEA Special Agent", he assisted in the execution of the search warrant. (Marzec and Jacobs' *Motion to Dismiss*, Exhibit D, ¶ 3.)

Moving beyond the sworn statements of the Marzec and Jacobs, the documents used by both Plaintiff and Co-Defendants to support their arguments are laden with DEA references. The Notices of Seizure, identifying the 1999 Dodge Durango and U.S. Currency seized, provides in its opening statement: "The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881 . . .." (Marzec and Jacobs' *Motion to Dismiss*, Exhibit A, pp. 4-5.) Not only was the property seized by the federal government, but the investigation leading up to the seizure was also conducted by the DEA.

Plaintiff himself offers a DEA Report of Investigation in an effort to show that the Co-Defendants knew his correct address. But that report states that "members of the DEA Task Force were conducting surveillance." (Plaintiff's *Memorandum Response*, Exhibit A, pg. 1.)

Plaintiff's allegations are focused upon a search warrant sought by the DEA and executed by the DEA. Plaintiff's challenge to the validity of a search warrant obtained by the DEA, logic would dictate, calls into question the policies, training and authorization of the DEA, not the Town of Delmar. The challenge must be "attributed to a municipal policymaker." *Tuttle*, 471 U.S. at 823-24. This is an impossible feat when the federal government, and not the Town of Delmar, was conducting the activity in question.

The only connection between the challenged conduct and the Town of Delmar is found in Defendant Marzec's employment with the Delmar Police Department. Marzec, however, has been acting as a Task Force Officer for the DEA since 1997. Marzec was conducting an investigation on behalf of the DEA and he sought the search warrant as part of that investigation.[3]

Even assuming that Defendant Marzec's actions can be connected to his employment as a Detective for the Delmar Police Department, the Town of Delmar cannot be held vicariously liable for those actions. *See Monell*, 436 U.S. at 694. Furthermore, Plaintiff has made no effort to identify a municipal policy, executed by Marzec, that is the root of his allegations of unconstitutional conduct. In this regard, Plaintiff points to one act by one person. A single incident of unconstitutional conduct is not enough to prove liability under § 1983. *See Tuttle*, 471 U.S. 808 at 823-24.

---

[3] It should not go beyond notice that Defendant Ronald Marzec is being represented by the U.S. Attorney's Office; an implicit recognition by the federal government that he was acting on behalf of the DEA at all times relevant.

**III.     Conclusion and Prayer for Relief**

The challenged conduct is attributable to the DEA and individuals acting on its behalf. The investigation, search and seizure cannot be connected to the Town of Delmar through any means that can lead to civil liability for the Town of Delmar.  Wherefore, Defendant Town of Delmar, respectfully requests this Honorable Court enter an Order dismissing Plaintiff's Complaints against the Town of Delmar.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY:   */s/ Daniel A. Griffith*
**DANIEL A. GRIFFITH, ESQUIRE
DE ID 4209**
1220 North Market St., 5th Floor
P.O. Box 8888
Wilmington, DE  19899-8888
*Attorney for Town of Delmar*

Date:  June 6, 2006

\15_A\LIAB\JVWORK\LLPG\350474\JVWORK\20021\00115