IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVE HICKMAN | ] | |
| | ] | |
| Plaintiff, | ] | Consolidated C.A. No. 05-811-KAJ |
| | ] | and C.A. No. 05-839-KAJ |
| vs | ] | |
| | ] | |
| DETECTIVE MARZEC, in his | ] | |
| Individual and official capacity | ] | |
| DAVID HUME IV, TOWN OF | ] | |
| DELMAR, DEPARTMENT OF | ] | |
| ENFORCEMENT, AGENT TOM | ] | |
| JACOBS and AGENT CHRIS | ] | |
| QAUGLINO | ] | |
| | ] | |
| Defendants, | ] | |

RESPONSE TO MOTION TO DISMISS

NOW Comes, the plaintiff, Steve Hickman, pro se, who so moves the Honorable Court with his Response to Motion to Dismiss and he asserts the following:

(1). Steve Hickman, has no federal charges, nor federal prosecutions past or Pending. (The day of the illegal searches and seizures resulted in no new charges.)

(2). Det. Marzec, in all communications, warrants, affidavits and sworn testimony Acknowledges, first and foremost, he is a Delmar Police Officer.

a. In his arrest warrants, he clearly states (a) He is Detective Marzec (b) the Arresting Agency is Delmar Police Department and (c) No mention or ties to DEA. [A-1 thru A-7] [ There isn't even the slightest hint of DEA involvement.]

b. On June 30th 2005, the Chief of Police of Delmar [Chief Saylor] is involved in the events of that day as well, which were the arrest, stoppage and violations of Hickman's constitutional rights. [B-1 & B-2]

c. He admits, he is an employee of Delmar Police Department, since 1994. [    ]

d. Delmar Police Department, is aware of where he is and what he is doinbg, and is in contact with him around the clock.

(3). Det. Marzec, did not acknowledge his actions, on 09-21-05, as DEA, until several months later. [ C-3]

page two Hickman vs marzec, et al.,

    a. The arrest that day used a charge, Hickman had already been arrested on and was a duplicate of the one of charges from 06-30-05, in (a) time (b) date & (c) location without a doubt double jeopardy, which seems to be normal practice of work ethics of Det. Marzec to create deception and misconstrue facts to obtain his goal at all cost probable cause or not.

    b. The arresting Officer is Detective Marzec and the arresting Agency is Delmar Police Department. [B-3]

    4. All warrants and search warrants were issued by Delaware Courts and by Del;aware Judges and (a). Sworn testimony by a Delmar Police Officer for (b) The Delmar Police Department.

    5. The Town of Delmar, in its response, has not denied it is their responsibility to (a) train, (b) supervise and (c) authorize Det. Marzec's actions and inactions and are Wholly responsible for the same and also his damages.

    The plaintiff, now moves Court to consider Response as a Request for Summary Judgment, pursuant to Fed.Rule Civil Pro. 56(a), because no issue of law is debatable Now and this proper vehicle as a matter of law.

                                       Respectfully, submitted

                                         Steve Hickman

    SO ORDERED, this ___th day of _____ 2006, Summary Judgment is Granted in favor of plaintiff Steve Hickman, against defendant Town of Delmar and All essential relief sought.

    With my signature, I Steve Hickman, verify service of attached document, upon Mr. Daniel A. Griffith, Esq., at 1220 North Market St., 5th Floor, P.O. Box 130, Wilmington, DE. 19899-0130 and Mr. Seth Madison Beuasang, Asst. U.S. Attorney At 1007 N. Orange St., Suite 700, Wilmington, DE. 19801

Steve Hudson
7006 Green Top Rd
Ellendale, DE 19960

Clerk
U.S. District Court
Lock Box 18
844 King St
Wilmington, DE 19801

[Postmark: ELLENDALE DE JUN 13 06]
FIRST CLASS
U.S.M.S. X-RAY