IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVE HICKMAN | ] |
| Plaintiff, | ] C.A.. No. 05-811-KAJ |
| SANDRA J. WHITE | ] |
| Plaintiff, | ] |
| TAWANDA WEATHERSPOON | ] |
| Plaintiff, | ] |
| vs | ] |
| DETECTIVE MARZEC, in his Official and Individual capacities, AGENT TOM JACOBS, and AGENT CHRIS QUAGLINO, TOWN of DELMAR, CITY OF DOVER and OFFICER MARVIN MAILEY | ] |
| Defendants, | ] |



PLAINTIFFS STEVE A. HICKMAN, TAWANDA WEATHERSPOON
& SANDRA J. WHITE'S MOTION FOR SUMMARY JUDGMENT
AGAINST TOWN OF DELMAR , DETECTIVE MARZEC, AGENT
TOM JACOBS & AGENT CHRIS QUALINO

NOW COMES the plaintiffs, Sandra J. White, Tawanda Weatherspoon and Steve Hickman, pro se, who so moves the Honorable Court with this Motion Summary Judgment, pursuant to Fed. Rule Civ. Pro. 56(a) and they go as follows:

[1]. The actions of Detective Marzec, Agent Tom Jacobs and Agent Chris Quaglino, clearly violated the fourth Amendment rights of Sandra J. White, Steve A. Hickman and Tawanda Weatherspoon.

a. The Town of Delmar is responsible for the training and proper supervision of Detective Marzec and they failed and the plaintiffs suffered as a result of their failures.

1

page two Hickman et al., vs Marzec, et al., Consolidate C. A. No. 05-811-KAJ

[2]. Sandra J. White, Steve A. Hickman and Tawanda Weatherspoon, now as movants move the
Court for Summary Judgment, because no "genuine" issue as to any material fact are present.

[3]. Detective Marzec, Agent Tom Jacobs and Agent Chris Quaglino, began an investigation
and Surveilance of Steve A. Hickman in June of 2005.

    a. The main basis for the surveilance and investigation is an unknown informant. A-3
paragraph # 3.

[4]. Det. Marzec, is a Delmar Police Officer ( A-3 paragraph 1) and his actions clearly
exhibit improper training and supervision on the part of Defendant Town off Delmar.

[5]. A properly trained and supervised Policeman, would not after a three month
investigation and surveilance of Hickman, the Town Ellendale, the Town Lincoln, the Trailer
located in Ellendale and the Double wide in Lincoln and made the errors they did.

    a. The home in Lincoln is (a) not a Trailer (b) is not tan/beige and (c) is not located
in Ellendale.

    b. No Police officer properly trained after a three month Investigation and Surveilance
that encompassed daily trips to and from the Towns of Ellendale and Lincoln, would get confused
as to which one is which.

    c.The search warrant affidavit clearly shows (a) that the tan/beige Trailer exist (A-4
at paragraph 4) in Ellendale Delaware.

[6]. After a three(3) Month investigation and surveilance Response to Request for Admissions
#6 reads:  Objection to Request No. 6 as vague. Subject to that objection, Defewndants Deny Request
# 6  and respond further  that no drug transactions were observed at the Greentop Road residence.

    a. No drugs were recovered at the time of search warrant execution.

[7]. First a well trained and supervised Policeman would not have crossed up the trailer
in Ellendale and Doublewide in Lincoln after a three month investigation and surveilance and this
was done illegally and violated the civil rights of Hickman, White and Weatherspoon under a 'cloud'
and 'color of the Law' without probable cause to be in Lincoln, Delaware.

    a. Marzec, Jacobs and Quaglino, knew very well the difference between

Ellendale and Lincoln
as well that for three months of surveilance no drug transaction of any kind had transpired at
the Lincoln residence, but they still abused, harrassed and destroyed the civil liberties of White,
Hickman and Weatherspoon, without cause and "under the color of the law" and there exist no material
fact or issue and Summary judgmen should be granted for movants. Borish v. Graham. 655 A.2d 831
(Del. Super. Ct. 1994)

[8]. Sandra White, was (a) abused (b) harrassed (c) openly shamed and (d) handcuffed and
Marzec, Jacob's and QQuaglino knew, she had did nothing.

a. Request for Admissions #3 "and further respond that Sandra White was not suspected of
committing any crimes on September 21, 2005.

b. There were others at the seen that were not suspected of doing no crimes, but they didn't
suffer being handcuffed, harrassed, openly shamed and a gun pointed in their face and Marzec, Jacobs and
Quaglino shouldn't have been in Lincoln in the first place.

_____    _____    _____
Steve A. Hickman            Sandra J. White            Tawanda
Weatherspoon
            May 24, 2007

So Order this __th day of _____ 2007 U.S. District Court Judge



IN THE SUPERIOR COURT
STATE OF DELAWARE
SUSSEX COUNTY

**SEARCH WARRANT**

IN THE MATTER OF: Steve HICKMAN B/M, 5'07", 250 lbs., ~~redacted~~
AND THE PREMISE KNOWN/LOCATED AT 9008 Greentop Road Ellendale, Sussex County, Delaware. The premises is further described as a trailer located on the West side of Greentop Road. The trailer is beige/tan with white trim, a white foundation, white front door with the numbers "9008" to the right side of the front door. ANY AND ALL STORAGE AREAS, OUTBUILDINGS, SHEDS, DOGHOUSES, LOCATED ON THE CURTILAGE, AND ANY AND ALL PERSONS PRESENT, BEING IN THE COUNTY OF SUSSEX, STATE OF DELAWARE.
THE STATE OF DELAWARE TO: Task Force Officer/Detective Ronald A. Marzec
WITH THE ASSISTANCE OF ANY LAW ENFORCEMENT OFFICER OR ANY NECESSARY PERSON.

**GREETINGS:**
Upon the annexed affidavit and application or complaint for a search warrant, as I am satisfied that there is probable cause to believe that certain property, namely:
(See Exhibit "A")
is being concealed on the person, vehicle and/or property known as:
Steve HICKMAN B/M, 5'07", 250 lbs., ~~redacted~~
AND THE PREMISE KNOWN/LOCATED AT 9008 Greentop Road Ellendale, Sussex County, Delaware. The premises is further described as a trailer located on the West side of Greentop Road. The trailer is beige/tan with white trim, a white foundation, white front door with the numbers "9008" to the right side of the front door. ANY AND ALL STORAGE AREAS, OUTBUILDINGS, SHEDS, DOGHOUSES, LOCATED ON THE CURTILAGE, AND ANY AND ALL PERSONS PRESENT, BEING IN THE COUNTY OF SUSSEX, STATE OF DELAWARE, described in the annexed affidavit and application or complaint;
**NOW THEREFORE, YOU ARE HEREBY COMMANDED** within ten (10) days of the date hereof to search the above named person, vehicle and premises or place for the property specified in the annexed affidavit and application, and to search any occupant or occupants found in the house, place and conveyance above named for such property, serving this warrant and making the search in the daytime, and, if the property papers, articles or things, or any part thereof, be found there, to seize it, prepare a written inventory of the property seized and to return a copy of the inventory and this warrant to me forthwith and the person and/or persons in whose custody or possession, the property was found to be dealt with according to the law.

DATED the ___ day of September, A.D. 2005.

_____

A-1

IN THE SUPERIOR COURT
STATE OF DELAWARE
SUSSEX COUNTY

AFFIDAVIT AND APPLICATION
FOR SEARCH WARRANT

IN THE MATTER OF: Steve HICKMAN B/M, 5'07", 250 lbs., ~~REDACTED~~
AND THE PREMISE KNOWN/LOCATED AT 9008 Greentop Road Ellendale, Sussex County, Delaware. The premises is further described as a trailer located on the West side of Greentop Road. The trailer is beige/tan with white trim, a white foundation, white front door with the numbers "9008" to the right side of the front door. ANY AND ALL STORAGE AREAS, OUTBUILDINGS, SHEDS, DOGHOUSES, LOCATED ON THE CURTILAGE, AND ANY AND ALL PERSONS PRESENT, BEING IN THE COUNTY OF SUSSEX, STATE OF DELAWARE.

Be it remembered that on this 21 day of September, A.D. 2005, before me, personally appeared Detective / Task Force Officer Ronald A. Marzec, Delmar Police Department / United State's Department of Justice Drug Enforcement Administration, who being duly sworn depose and say that they have reason to believe and do believe that in the property of Steve HICKMAN B/M, 5'07", 250 lbs., ~~REDACTED~~
AND THE PREMISE KNOWN/LOCATED AT 9008 Greentop Road Ellendale, Sussex County, Delaware. The premises is further described as a trailer located on the West side of Greentop Road. The trailer is beige/tan with white trim, a white foundation, white front door with the numbers "9008" to the right side of the front door. ANY AND ALL STORAGE AREAS, OUTBUILDINGS, SHEDS, DOGHOUSES, LOCATED ON THE CURTILAGE, AND ANY AND ALL PERSONS PRESENT, BEING IN THE COUNTY OF SUSSEX, STATE OF DELAWARE, there has been and/or there is now located and/or concealed certain property in said house, place, conveyance, and/or on the person/persons or occupants thereof, consisting of property, papers, articles or things which are instruments of a criminal offense, and/or obtained in the commission of a crime, and/or designated to be used in the commission of a crime and not reasonably calculated to be used for any other purpose and/or the possession of which is unlawful and, in particular:
(See Exhibit "A")
Which said property, papers, articles or things were, are or will be possessed and/or used in violation of Title 16, Chapter 4751 thru 4755;

A-2

PROBABLE CAUSE

And that the facts tending to establish probable cause for believing that the foregoing grounds for the application exists area as follows:

1. That your affiant is Detective / Task Force Officer Ronald A. Marzec who has been employed by the Delmar Police Department since January 1994. Your affiant is currently assigned to the United State's Department of Justice Drug Enforcement Administration Drug Task Force. Your affiant's duties in this capacity include the investigation and enforcement of illegal drug and money laundering violations. Your affiant graduated from the Eastern Shore Criminal Justice Academy where your affiant received 647 hours of training, which included training in the detection and recognition of controlled dangerous substances. Your affiant received updated training on an annual basis in the areas of controlled dangerous substance violation, investigations and arrests. Your affiant has authored in excess of fifty search warrants and has assisted in making in excess of 100 arrests where controlled dangerous substances were seized.

2. During the month of May, 2005, your affiant received information from several law enforcement agencies about a B/M named Steve HICKMAN who was distributing cocaine in the Sussex County, Delaware area. The information advised that HICKMAN lists his address through the Delaware Department of Motor vehicles as residing in Dagsboro, Delaware although HICKAMN actually resided on Greentop Road Ellendale, Delaware.

3. During the month of May, 2005 your affiant met with a confidential source, hereinafter referred to as "A". "A" has been known to law enforcement for several years. During this time, "A" has related information to law enforcement that has resulted in arrests and the seizure of controlled substances. "A" has never provided information to law enforcement proven to be false. "A" advised your affiant that "A" was familiar with a black male known to "A" as Steve HICKMAN, ("A" also knew HICKMAN by the nickname LITTLEMAN) who was involved in a cocaine distribution organization in the Sussex County, Delaware area. "A" advised your affiant that HICKMAN resides on Greentop Road Ellendale, Delaware with his girlfriend (Unknown name), "A" stated that HICKMAN sells cocaine from his residence on Greentop Road and keeps proceeds from sales of drugs at his Greentop Road residence. "A" advised that HICKMAN departs his residence around lunch time and travels to a trailer park located south of Ellendale, Delaware known to "A" as "the hole". "A" stated that HICKMAN travels to a trailer located in the rear of the trailer park where HICKMAN utilizes a trailer as a packaging/sale house. "A" advised that HICKMAN will arrive around lunch time and remain at the location where HICKMAN will sell cocaine to his customers. "A" stated that HICKMAN will travel from this location once or twice a week and purchase cocaine from his source and return to his packaging/sale house where HICKMAN will cook the powder cocaine into crack cocaine. HICKMAN will take the crack cocaine and divide the crack cocaine into several packages. HICKMAN will then take the packages and hide the packages of cocaine in several locations along the roadside in remote country areas around Ellendale, Delaware. "A" stated that HICKMAN divides the cocaine into smaller packages to avoid being caught by law enforcement with larger amounts of cocaine that would carry enhanced penalties. "A" stated that a black male known to "A" as LEE LEWIS is related to HICKMAN and assists HICKMAN with the distribution

A-3

