IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVE HICKMAN, | : | |
| | : | |
| Plaintiff, | : | CONSOLIDATED |
| | : | Civil Action No. 05-811-KAJ |
| v. | : | Civil Action No. 05-839-KAJ |
| | : | |
| DETECTIVE MARZEC, in his individual and official capacity, DAVID HUME IV, TOWN OF DELMAR, DEPARTMENT OF DRUG ENFORCEMENT, and AGENT TOM JACOBS, | : | |
| | : | |
| Defendants. | : | |
| SANDRA J. WHITE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 06-008-KAJ |
| v. | : | |
| | : | |
| DETECTIVE MARZEC, AGENT TOM JACOBS, and AGENT CHRIS QUAGLINO, | : | |
| | : | |
| Defendants. | : | |
| TAWANDA WEATHERSPOON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 06-009-KAJ |
| v. | : | |
| | : | |
| DETECTIVE MARZEC, AGENT TOM JACOBS, and AGENT CHRIS QUAGLINO, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1.      On June 7, 2007, Plaintiffs filed a motion for summary judgment. In their motion, Plaintiffs appear to allege that Defendants Ronald Marzec, Tom Jacobs and Chris Quaglino (the "Federal Defendants") were "confused" by Hickman's trailers, one located in Ellendale and one in Lincoln. (Pl.'s Mot. ¶ 5(b).) Plaintiffs appear to claim that because no drug transactions were observed at the trailer in Lincoln, and because no drugs were recovered during the search of the trailer in Lincoln, the Federal Defendants had no probable cause to search the trailer in Lincoln. (Id. ¶¶ 6-7.) Plaintiffs also claim that White was "abused," "harassed," and "openly shamed" when she was handcuffed at the time of the search of the trailer in Lincoln. (Id. ¶ 8.)

2.      Plaintiffs' motion should be denied. First of all, Plaintiffs' apparent claim that the wrong trailer was searched is not true. The search warrant in question (attached hereto as Ex. A), clearly stated that the place to be searched was located at "9008 Greentop Road" in "Sussex County, Delaware" – the same county where both Lincoln and Ellendale are located. (Ex. A. at 1.) The warrant further described the place to be searched as "a trailer located on the West side of Greentop Road." (Id.) Plaintiffs do not claim that any of that information is wrong. Nor do Plaintiffs point to a second residence in either Ellendale or Lincoln with the address 9008 Greentop Road that might be confused with the trailer that was searched. Accordingly, even if the search warrant was mistaken when it stated that Hickman's 9008 Greentop Road residence was in Ellendale, Delaware (rather than Lincoln), the search warrant was still valid because it particularly described the 9008 Greentop Road residence. See, e.g., United States v. Durk, 149 F.3d 464, 465-66 (6th Cir. 1998) (holding that a search warrant for "4612 Fulton" Street was valid even though the Defendant's residence was "4216 Fulton" Street because the warrant correctly identified the Defendant's house as a "single-family red brick ranch home" with other unusual features); Lyons v. Robinson, 783 F.2d 737, 738 (8th Cir. 1986) (holding that a search

warrant for "325 Atkinson Street" was valid even though the Defendants address was "325 Short Street," because the Defendant's residence was a corner lot where Atkinson and Short Streets intersect and the officer "obviously misread the street sign"); United States v. Avarello, 592 F.2d 1339, 1344 (5th Cir. 1979) (holding that a search warrant was valid even though it specified the wrong city for the Defendant's residence because the search warrant included the correct street address and described in detail what the building looked like).

3. Plaintiffs' motion should also be denied because – as the search warrant makes clear – Marzec had been to Hickman's residence on numerous occasions before he applied for the warrant and therefore could not have searched the wrong trailer. (See Ex. A ¶ 11 (describing how Marzec conducted surveillance of Hickman's residence on Greentop Road).) Many courts have upheld search warrants with minor errors when, as here, the officer who applied for and executed the warrant was familiar with the place to be searched. See, e.g., United States v. Clement, 747 F.2d 460, 461 (8th Cir. 1984) (finding that warrant's description denominating incorrect apartment not fatal because the officer had been to residence before, actually knew where suspect lived, and went directly to his apartment in executing the warrant); Robinson, 783 F.2d at 738 ("Moreover, where the same officer both applied for and executed the warrant, a mistaken search is unlikely. Therefore, we find the warrant description sufficient and the warrant valid.") (citations omitted).

4. Even if the 9008 Greentop Road trailer is not "tan/beige with trim" as Plaintiffs claim, that also does not mean that the search warrant was invalid. The issue is whether the warrant described Hickman's residence with sufficient particularity so that Marzec and Jacobs could "with reasonable effort ascertain and identify the place intended," Steele v. United States,

267 U.S. 498, 503 (1925), or, as other courts have phrased it, whether the description of the place to be searched was so bad so as to create a chance that the wrong premises would be searched, see, e.g. United States v. Pelayo-Landero, 285 F.3d 491, 495 (6th Cir. 2002) (upholding search warrant that "completely eliminated the possibility that the wrong trailer would be searched"); United States v. Sherrell, 979 F.2d 1315, 1317 (8th Cir. 1992) (upholding search warrant in part because "Carver, who had previously entered the property and observed it from air and from land, accompanied the executing officers, [and therefore] there was no chance the officers would search the wrong premises."); United States v. Turner, 770 F.2d 1508, 1511 (9th Cir. 1985) (upholding search warrant in part because there was "virtually no chance" that the officer would search the wrong house when "no nearby house met the warrant's detailed description; the address in the warrant was reasonable for the location intended; the house had been under surveillance before the warrant was sought; the warrant was executed by an officer who had participated in applying for the warrant and who personally knew which premises were intended to be searched; and the premises that were intended to be searched were those actually searched").  Plaintiffs' allegations, even if they are true, do not indicate that there was a chance that Marzec and Jacobs would search the wrong residence.

     5.     Plaintiffs do not claim, for example, that Hickman's 9008 Greentop Road trailer is actually some color far different that tan/beige with white trim, and that a neighbor's trailer that is tan/beige with white trim might mistakenly have been searched.  All Plaintiffs say is that Hickman's trailer is not "tan/beige with trim."  Even if that is true and, for example, his trailer is actually a shade of brown with yellow trim, there still would have been no chance that Marzec and Jacobs would have searched the wrong residence given that they knew the street address –

9008 Greentop Road – and had observed Hickman at that location on several prior occasions. Accordingly, none of the allegations that Plaintiffs make in their briefs suffice to show that the search warrant's description of Hickman's residence was so bad as to render the warrant invalid.

6.   Plaintiffs' claim that the Federal Defendants had no probable cause to search the 9008 Greentop Road trailer should also be rejected. Police officers like Marzec and Jacobs are entitled to qualified immunity for their conduct in obtaining a search warrant unless the warrant "is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Malley v. Briggs, 475 U.S. 335, 344-45 (1986). The issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause, see United States v. Ventresca, 380 U.S. 102, 109 (1965), and a plaintiff who argues that such a warrant was issued on less than probable cause faces a heavy burden, see, e.g., Rivera v. United States, 928 F.2d 592, 602 (2d Cir. 1991). In order to mount such a challenge, the plaintiff must make a "substantial preliminary showing" that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was "necessary to the finding of probable cause." Franks v. Delaware, 438 U.S. 154, 155-56 (1978). The Court's role is to determine whether "the magistrate had a substantial basis for concluding that probable cause existed." United States v. Jones, 994 F.2d 1051 (3d Cir. 1993).

7.   Here, the search warrant on its face was supported by probable cause. Moreover, Plaintiffs do point to any specific statements in the affidavit that they claim are false, nor does they make *any* showing – much less a substantial showing – that there are false statements in the

4

affidavit that were made knowingly and intentionally, or with a reckless disregard for the truth. For all these reasons, Plaintiffs' allegation that the search warrant was not supported by probable cause should be dismissed.

8.  First of all, it is clear that the search warrant on its face is supported by probable cause. The Supreme Court held in Illinois v. Gates that the existence of probable cause is determined by examining the "totality of the circumstances." 462 U.S. 213, 230-31 (1983); see also United States v. Ritter, 416 F.3d 256, 263-64 (3d Cir. 2005). Here, Marzec's affidavit relies in part on a reliable confidential informant who had provided information to law enforcement in the past that led to arrests, and who had never provided information proven to be false, and in part on Marzec's personal observations of Hickman which confirmed the source's allegations. (Ex. A.) Notably, Marzec observed Hickman engage in transactions that Marzec knew from his experience as a police officer to be drug transactions, after which Hickman immediately returned to his residence at 9008 Greentop Road. (*Id.* ¶ 9.) As a result, the search warrant demonstrates probable cause to search Hickman's 9008 Greentop Road residence whether or not any drug transactions or drugs were observed there. See, e.g., United States v. Burton, 288 F.3d 91, 104 (3d Cir. 2002) ("While we generally accept the common sense proposition that drug dealers often keep evidence of their transactions at home . . ., that inference is much stronger when the home is the first place a drug dealer proceeds following such a transaction.") (citations omitted).

9.  Moreover, Plaintiffs do not point to any specific statements in Marzec's affidavit that he claims are false and that are necessary to the finding of probable cause, as Plaintiffs must do to mount a Franks challenge. See, e.g., United States v. Johnson, 125 F. Supp. 2d 308, 310 (N.D. Ill. 2000); United States v. Metz, 608 F.2d 147, 155 (5th Cir. 1979). Plaintiffs' conclusory

5

assertion that the Federal Defendants lacked probable cause does not suffice.

10. Finally, Plaintiffs' claim that White was was "abused," "harassed," and "openly shamed" when she was handcuffed at the time of the search of the trailer in Lincoln does not state a claim. (Pl.'s Mot. ¶ 8.) As the Federal Defendants explained in their motions for summary judgment, they had "categorical" authority to detain Plaintiff White during the search because she was present at 9008 Greentop Road when the Defendants arrived to execute the search warrant. Muehler v. Mena, 544 U.S. 93, 97 (2005). The Defendants were permitted to use "reasonable force" to detain Plaintiff. Id. at 99. In Mena, the Supreme Court held that the officers acted reasonably when they detained Mena at gunpoint and with handcuffs because the officers faced an "inherently dangerous situation[]," namely, they were executing a search warrant to look for a wanted gang member at a residence with multiple occupants. Id. at 100. Here, just like in Mena, the Defendants also faced an inherently dangerous situation: they were executing a search warrant to look for evidence of drug dealing at a residence with multiple adults present, namely, Hickman, Weatherspoon, and White.[1] Accordingly, even if Plaintiff's allegations are accepted as true, they still would not state a Bivens claim because it was reasonable for the Federal Defendants to detain Plaintiff White at gunpoint and with handcuffs during the search. At a minimum, the Federal Defendants are entitled to qualified immunity because at the time of the search no precedent existed to clearly establish that the Federal Defendants' alleged conduct was unconstitutional. Accordingly, Plaintiffs' motion for summary judgment should be denied.

---

[1] Although it is not clear from the Complaint that the Federal Defendants were looking for evidence of drug dealing, the search warrant – which the Complaint incorporates – demonstrates that fact. (See Ex. A.)

11.    For all these reasons, and as further explained in the briefs supporting the Federal Defendants' motions for summary judgment, Plaintiffs' motion for summary judgment should be denied, and this case should be dismissed.

COLM F. CONNOLLY  
United States Attorney

By: /s/ Seth M. Beausang  
Seth M. Beausang (I.D. No. #4071)  
Assistant United States Attorney  
1007 N. Orange Street, Suite 700  
Wilmington, Delaware 19801  
(302) 573-6277

Dated: June 14, 2007.

**CERTIFICATE OF SERVICE**

      I, Seth M. Beausang, hereby attest under penalty of perjury that on this 14th day of June, 2007, I caused two copies of the Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment, to be served on the Plaintiffs by First Class Mail at the following address:

Steve A. Hickman
Sandra J. White
Tawanda Weatherspoon
9008 Greentop Rd.
Lincoln, DE 19960

and counsel for the Town of Delmar by First Class Mail at the following address:

Daniel A. Griffith, Esq.
1220 Market Street, 5th Floor
Wilmington, DE. 19801

                                                         /s/ Seth M. Beausang
                                            Seth M. Beausang (DE I.D. No. 4071)