

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*1007 N.Orange Street, Suite 700*     (302) 573-6277
*P.O. Box 2046*                        FAX (302) 573-6220
*Wilmington, Delaware 19899-2046*      TTY (302) 573- 6274
                                       Toll Free (888) 293-8162

June 14, 2007

VIA E-FILING

The Honorable Mary Pat Thynge
J. Caleb Boggs Federal Building
844 N. King Street
Room 6100
Lockbox 8
Wilmington, DE 19801

    Re:    Hickman v. Marzec, Consol. No. 05-811-KAJ (D. Del.)

Dear Judge Thynge:

    I write on behalf of Ronald Marzec, Tom Jacobs and Chris Quaglino, the federal law enforcement officers (the "Federal Defendants") named as defendants in the above-referenced *Bivens* actions. Defendants Marzec, Jacobs and Quaglino have moved to dismiss and/or for summary judgment in these actions based on their qualified immunity. I write to respectfully request that the Court stay discovery until the Court rules on the potentially case- dispositive motions.

    On July 24, 2006, the Federal Defendants appeared for an in-court scheduling conference – at which the Plaintiffs failed to appear – and requested that Judge Jordan stay discovery in this matter. Judge Jordan declined to do so at that time, but Judge Jordan indicated that he would try to rule on the Defendants' outstanding dispositive motions as soon as practicable. (See Doc. No. 41, Hr. Tr. at 6-7 ("I'm not going to stay discovery but I will undertake to consider your motion [to dismiss] as soon as practicable so that if there is qualified immunity, we get that handled quickly.").) At the time Plaintiffs had not served any discovery requests.

    Plaintiffs recently served interrogatories and document requests, even though the Court ordered that discovery be completed by March 23, 2007. (Doc. Nos. 63, 64.) As a result, the Federal Defendants respectfully renew their request to stay discovery pending the resolution of the case-dispositive motions for the following four reasons.

    First, Plaintiffs served their discovery too late. The Court ordered that discovery be completed by March 23, 2007, yet Plaintiffs did not serve their most recent discovery requests until June 7, 2007. For this reason alone, the Federal Defendants are entitled to a protective order and stay of discovery.

Second, the Supreme Court has explained that law enforcement officers who assert their qualified immunity – like the Federal Defendants here – are entitled to a stay of discovery until the district court resolves the qualified immunity issue:

> "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." . . . . *Harlow* and *Mitchell* make clear that the defense is meant to give government officials a right, not merely to avoid "standing trial," but also to avoid the burdens of "such *pretrial* matters as discovery . . ., as "[i]nquiries of this kind can be peculiarly disruptive of effective government."

*Behrens v. Pelletier*, 516 U.S. 299, 307-08 (1996) (alterations in original) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) and citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)); *see also Stewart v. Canteen Food Servs.,* No. 05-2567 PHX MHM (VAM), 2006 WL 1544188, at *4 (D. Ariz. June 5, 2006) (staying discovery because of potentially case-dispositive motion asserting qualified immunity); *Johnson v. Johnson*, No. H-05-0203, 2006 WL 846372, at *2 (S.D. Tex. Mar. 28, 2006) (same); *Valdez v. Woodford*, No. 05-4443 SI (PR), 2006 WL 618766, at *1 (N.D. Cal. Mar. 13, 2006) ("The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled.").

For the reasons discussed in their respective dispositive motions, the Federal Defendants are entitled to qualified immunity because the Plaintiffs in these actions have not alleged the violation of clearly established constitutional rights. A stay of discovery will allow the Federal Defendants – all busy law enforcement officers – to avoid the substantial burdens associated with pretrial discovery while the Court considers their qualified immunity defense.

Third, the Federal Defendants are also entitled to a stay of discovery because they have moved for summary judgment and the Plaintiffs failed to submit affidavits or anything else describing why the discovery they seek would preclude summary judgment, as Fed. R. Civ. P. 56(f) requires them to do. *See, e.g.*, *Dowling v. City of Phila.*, 855 F.2d 136, 139-140 (3d Cir. 1988) ("This court has interpreted Rule 56(f) as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."); *see also Paris v. Christiana Care Visiting Nurse Ass'n.*, 197 F. Supp. 2d 111, 116 n.4 (D. Del. 2002) (granting defendant's motion for summary judgment and rejecting plaintiff's discovery requests because "[a]lthough the plaintiff is appearing pro se, none of her submissions can charitably be read as meeting the Rule 56(f) requirements"). None of the discovery requests submitted by Plaintiffs would lessen the Federal Defendants' entitlement to qualified immunity. In fact, Plaintiffs have cross-moved for summary judgment, meaning they also believe that there are no genuine issues of material fact. Thus, discovery is not appropriate.

Fourth, discovery is particularly inappropriate at this juncture because the motions filed by the Federal Defendants show that even if everything the Plaintiffs allege is true, the complaints should still be dismissed. Accordingly, the Plaintiffs cannot uncover anything through discovery to save their complaints from dismissal.

    For all of the above reasons, the Federal Defendants respectfully request a protective order quashing Plaintiffs' outstanding discovery requests and staying discovery in this matter until the outstanding dispositive motions are decided.  I am available at the call of the Court to discuss any questions or concerns the Court might have.

                                                  Respectfully,

                                                  COLM F. CONNOLLY
                                                  United States Attorney

                                        By:   /s/ Seth M. Beausang
                                                 Seth M. Beausang (I.D. No. 4071)
                                                 Assistant United States Attorney

cc:    Steve Hickman, pro se (by FedEx)
        Sandra White, pro se (by FedEx)
        Tawanda Weatherspoon, pro se (by FedEx)
        Daniel A. Griffith, Esq. (by electronic filing)