IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVE HICKMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>DETECTIVE MARZEC, in his individual and official capacity, DAVID HUME IV, TOWN OF DELMAR, DEPARTMENT OF DRUG ENFORCEMENT, and AGENT TOM JACOBS,<br><br>        Defendants.<br>_____<br><br>TAWANDA WEATHERSPOON,<br><br>        Plaintiff,<br><br>    v.<br><br>DETECTIVE MARZEC, AGENT TOM JACOBS, TOWN OF DELMAR, and AGENT CHRIS QUAGLINO,<br><br>        Defendants.<br>_____<br><br>SANDRA J. WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>DETECTIVE MARZAC, AGENT TOM JACOBS, TOWN OF DELMAR, and AGENT CHRIS QUAGLINO,<br><br>        Defendants. | CONSOLIDATED<br>Civil Action No. 05-811-*** |

**<u>MEMORANDUM ORDER</u>**

At Wilmington, Delaware, this **17th** day of **July, 2007.**

Presently before the court are plaintiffs' motion for appointment of counsel (D.I. 57)[1] and the Federal defendants motion to stay discovery pending decision on the case dispositive motions (D.I. 66).

**Background**

This is a civil rights action instituted by three *pro se* plaintiffs, Hickman, White and Weatherspoon. As noted herein, originally their actions were filed separately, but as a result of an Order entered July 24, 2006 (D.I. 40), the four actions were consolidated with 05-811 serving as the consolidated number. Their claims arise out of the same events occurring on September 21, 2005. According to the various complaints and amended complaints filed by each plaintiff, Hickman was arrested on that date for possession with intent to deliver a controlled substance. Apparently, this lead to the issuance of a search warrant of the home of Weatherspoon, resulting in the seizure of paperwork, receipts and the title to a Durango, property claimed by Weatherspoon. Hickman asserts that the search resulted in the seizure of his cash in the amount of $12,900, numerous receipts and records and his cell phone. White, who was visiting Weatherspoon, her daughter, at the time of the search claims that she was approached by several men who failed to identify themselves as police officers, had a gun pointed in her face and patted down. All claim that the search and seizure was illegal, without probable cause, in part because the description of the residence to be

---

[1] Four actions by three plaintiffs were originally filed, 05-811 by Steven Hickman ("Hickman"), a second action filed by Hickman, 05-839, a complaint filed by Sandra White ("White") 06-008 and an action filed by Tawanda Weatherspoon ("Weatherspoon) 06-009. Only Hickman and White have requested appointment of counsel.

searched was for a residence in Ellendale (Weatherspoon claims that she lives in Lincoln) and that the trailer described in the search warrant did not match the Weatherspoon home in size or color.  In addition, Hickman contends that he was prosecuted unfairly in violation of his Sixth Amendment rights and on the same charge that he previously had been arrested for and arraigned in June 2005.  All claim violation of their Fourth Amendment rights, denial of due process and equal protection.  Plaintiffs assert, as a result of these events, to suffer from emotional distress and demand injunctive relief, compensatory damages and punitive damages.

In additional to filing separate complaints with specific facts in support of their respective individual claims, all moved to amend their complaints to add the Town of Delmar, which was granted.  D.I. 40.  After consolidation, they further amended their complaint to add another defendant.  They have frequently written the court to clarify they arguments in support of their claims (D.I. 33, 37) and against defendants case dispositive motions.

When the Federal defendants filed their motion to dismiss/summary judgment in each case, each plaintiff filed an answering brief opposing to the motions.  On June 6, 2006, the Town of Delmar filed a motion to dismiss. D.I. 26.  Plaintiffs filed an answering brief in opposition.  D.I. 28.  On February 1, 2007, Hickman and Weatherspoon filed their motion for appointment of counsel.[2]  D.I. 57.  Further, shortly

---

[2] This motion was never served on defense counsel and therefore is not properly before the court.  Plaintiffs were notified of this discrepancy by letter from the Clerk's Office dated February 5, 2007.  *See* D.I. 58.

before the cut-off date for discovery, plaintiffs filed requests for admissions.[3]  On June 7, 2007, plaintiffs filed a motion for summary judgment, which is presently being briefed. D.I. 62.  On the same date that plaintiffs filed their motion for summary judgment, they also filed interrogatories and request for production of documents.  D.I. 63, 64.  It is that discovery that the Federal defendants oppose.

**Motion for Appointment of Counsel D.I. 57**

As indicated previously herein, only Hickman and Weatherspoon attempted to move for appointment of counsel.  They claim that they do not understand what discovery is; they cannot afford an attorney; they have a discovery deadline approaching; and, the family member helping with their paperwork is sickly.

A plaintiff does not have an automatic constitutional or statutory right to representation in a civil case.  *Tabron v. Grace*, 6 F.3d 147, 153 (3d. Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-7 (3d Cir 1997).  The non-exhaustive factors for the court to consider whether to appoint counsel are: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether testimony of expert witnesses will be necessary; and (6) whether the plaintiff can obtain and afford counsel on his behalf.  *Tabron,* 6 F.3d at 156-7; *Parham,* 126 F.3d at 457-8.

---

[3] Arguably since the requests for admission were filed on March 21, 2007 with the Scheduling Order requiring that discovery be filed so it was to *completed* by March 23, 2007, this discovery was filed late.  The Federal defendants, however, responded to that discovery.

After reviewing the motion for appointment of counsel and the various documents filed by plaintiffs, in particular Hickman and Weatherspoon, counsel should not be appointed at this time. In addition to the motion not being properly served on defense counsel,[4] Hickman and Weatherspoon have shown more than a sufficient understanding of the factual and legal issues, and have adequately and coherently expressed their arguments in the instant matter. Their claim that they do not understand what discovery is, is belied by the request for admissions, requests for production and interrogatories they filed. They filed answering briefs in response to defendants' case dispositive motions and amended their complaints to augment the facts and add parties. Moreover, they moved for summary judgment against the Federal defendants. At present, the matter is awaiting decision on three case dispositive motions. Therefore, for now, it does not appear that expert testimony will be necessary or that the ultimate resolution of the matter will depend primarily upon credibility determinations. As a result, Hickman and Weathespoon's motion for appointment of counsel (D.I. 57) is DENIED.

**Motion to Stay Discovery D.I. 66**

Federal defendants moved to stay the discovery filed by plaintiffs in June 2007. This discovery filed by plaintiffs was served to late and filed almost three months after the cut-off date, March 23, 2007, as required by in the Scheduling Order. Under United States Supreme court precedent, when law enforcement officers assert qualified immunity, they are entitled to a stay of discovery until resolution of the qualified

---

[4] From a review of the docket, plaintiffs have served defense counsel with other papers and filings before and after the filing of their motion for appointment of counsel.

immunity issue.

> Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. . . . *Harlow* and *Mitchell* make it clear that the defense is meant to give government officials a right, not merely to avoid "standing trial," but also to avoid the burdens of 'such *pretrial* matters as discovery . . ., as [i]nquiries of this kind can be peculiarly disruptive of effective government.'

*Behrens v. Pelletier*, 516 U.S. 299, 307-08 (1996) (alterations in original) (quoting *Mitchell v. Forsythe,* 472 U.S. 511, 526 (1985) and citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)). The plaintiffs' allegations and the arguments of the Federal defendants in their motion to dismiss/summary judgment puts in issue whether the actions allege violation of clearly established constitutional rights.

Moreover, plaintiffs themselves have moved for summary judgment and have never asserted in response to the Federal defendants case dispositive motion any need for discovery, by way of affidavits or otherwise. See FRCP 56(f); *see also*, *Dowling v. City of Philadelphia*, 855 F.2d 136, 139-140 (3d Cir. 1988); *Paris v. Christiana Care Visiting Nurses Ass'n.*, 197 F. Supp. 2d 111, 116 n.4 (D. Del. 2002) (wherein the court granted defendant's motion for summary judgment and rejected the plaintiff's discovery requests finding that "[a]lthough the plaintiff is appearing pro se, none of her submissions can charitably be read as meeting the Rule 56(f) requirements"). By filing their own motion for summary judgment, plaintiffs argue that there is no genuine issue of material fact and judgment should be entered in their favor, thereby refuting a need for discovery.

As a result, Federal defendants request to stay discovery until decisions are

rendered on the outstanding case dispositive motions (D.I. 66) is GRANTED.


                                            /s/ Mary Pat Thynge
                                            UNITED STATES MAGISTRATE JUDGE