IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVE HICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DETECTIVE MARZEC, in his individual | ) | Civil Action 05-811-KAJ |
| and official capacity, DAVID HUME, IV, | ) | CONSOLIDATED |
| TOWN OF DELMAR, DEPARTMENT OF | ) | |
| DRUG ENFORCEMENT, AGENT TOM | ) | |
| JACOBS, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| SANDRA J. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DETECTIVE MARZEC, AGENT TOM | ) | |
| JACOBS, AGENT CHRIS | ) | |
| QUAGLINO, and TOWN OF DELMAR, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| TAWANDA WEATHERSPOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DETECTIVE MARZEC, AGENT TOM | ) | |
| JACOBS, AGENT CHRIS QUAGLINO, | ) | |
| and TOWN OF DELMAR, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TOWN OF DELMAR'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

**I.      Statement and Nature of the Case**

On November 25, 2005 and December 5, 2005, Plaintiff Steve Hickman filed two separate civil actions alleging violations of his civil rights under nearly identical facts. The first suit, C.A. No. 05-811, was filed against Defendants Marzec, Hume, and Town of Delmar ("Town"). The second suit, C.A. No. 05-839, was filed against Marzec, and Defendants Department of Drug Enforcement ("DEA") and Jacobs. By separate Orders dated February 1, 2006, the Court consolidated Plaintiff's lawsuits, and dismissed his claims against the DEA and Hume.

On January 5, 2006, Plaintiffs Sandra J. White and Tawanda Weatherspoon each filed Complaints against Defendants Marzec, Jacobs and Quaglino, alleging violations of their civil rights.

On March 31, 2006, the United States Attorney's Office filed, in the Hickman matter and on behalf of Marzec and Jacobs, a motion to dismiss or, in the alternative, for summary judgment ("Marzec/Jacobs motion"). On April 10, 2006, Plaintiff filed a memorandum response ("Hickman response"). Both pleadings will be cited to in this memorandum of law.[1]

Plaintiff White filed an Amended Complaint on July 17, 2006, adding Town of Delmar ("Town") and Marvin Mailey as defendants.

By Order dated July 24, 2006, the Court consolidated the three Plaintiffs' actions as they arose from the same alleged incident and named virtually the same Defendants. The Court specified that the consolidated cases would proceed under C.A. No. 05-811.

---

[1]      The Marzec/Jacobs motion and Hickman response are attached as Exhibits 1 and 2, respectively.

On July 25, 2006, Plaintiff Weatherspoon filed an Amended Complaint adding Town as a defendant.

Finally, on October 17, 2006, Plaintiffs filed a joint Second Amended Complaint. The pleading did not alter any of the Plaintiffs' allegations against Town.[2]

According to all of Plaintiffs' filed Complaints, collectively, on September 21, 2005, Plaintiff Hickman was arrested, with Marzec, Jacobs and Quaglino seizing a vehicle and U.S. Currency at the time of the arrest. Again according to Plaintiffs, this took place in the home of Defendant Weatherspoon, and some of her belongings were searched and seized. Finally, Defendant White, Defendant Weatherspoon's mother, was present in the home and allegedly patted down and handcuffed. The aforementioned actions were pursuant to a search warrant. Plaintiffs allege Constitutional rights violations because the warrant was invalid. As pertains to Town, Plaintiffs claim that it is liable for these actions because of its improper training, supervision, and authorization of the officers.

---

[2] Procedurally, and temporally, this, Defendant Town's motion to dismiss, addresses Plaintiffs' Second Amended Complaint. Substantively, however, it is also intended to address Plaintiffs' earlier filed Complaints insofar as the crux of their allegations against Town appear therein.

**II. Plaintiffs' action against the Town of Delmar should be dismissed because the actions at issue were conducted pursuant to DEA training, supervision and authorization and cannot be attributed to the Town of Delmar.**

The alleged actions resulted from a federal DEA investigation, as demonstrated by the Marzec/Jacobs motion and Hickman response. These acts are not attributable, and cannot be attributed, to Town.

### A. Standard of Review

In considering a motion to dismiss, the factual allegations of the Complaint must be taken as true and dismissal may only be granted where no relief can be granted under any set of facts. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). *See also Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001). In making this determination, the Court may consider exhibits attached to the Complaint, matters of public record, and documents that form the basis of the claim. *See Brown v. Daniels*, 128 Fed. Appx. 910, 913 (3d Cir. 2005)(attached as Exhibit 3). *See also Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). In the event that the Court must consider other documents, a Motion to Dismiss may be converted to a Motion for Summary Judgment. Fed. R. Civ. P. 12(b).

### B. Plaintiffs challenge conduct attributable to the DEA and its agents, not to the Town of Delmar.

Plaintiffs allege that Town improperly trained, supervised and authorized its law enforcement officers resulting in what Plaintiffs allege were illegal actions by the officers. Plaintiffs' § 1983 claims are controlled by *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), where the United States Supreme Court held that where "execution of a government policy or custom . . . inflicts the injury the government as an entity is responsible under § 1983." *Id*. at 694. A municipality cannot be held accountable on a theory of vicarious liability for the

actions of its employees, however, *See id.*, and "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985). The existence and origin of the policy in question must be independently proven. *Id.* at 824.

Plaintiffs' Complaints, along with the Marzec/Jacobs motion and Hickman response, paint a crystal clear picture of federal law enforcement activity. The Declaration of Detective Ronald Marzec states that although Marzec is a detective with the Delmar Police Department, "from July 9, 1997, until the present, [Marzec] was designated a Task Force Officer with the federal Drug Enforcement Administration." (Marzec/Jacobs motion, Exhibit C, at ¶ 1)(attached as Exhibit 1). Marzec adds, "[I]n my capacity as a DEA Task Force Officer, I participated in an investigation into possible illegal narcotics dealing by Steve Hickman." (*Id.*, Exhibit C, at ¶ 3). The surveillance of the subject property, the affidavit in support of the search warrant, the execution of the search warrant, and the officers' handling of Plaintiff were all the result of a DEA investigation. (*Id.*, Exhibit C, at ¶¶ 4-5 and 9).

The Affidavit of Probable Cause states in pertinent part, "Your affiant [Marzec] is currently assigned to the United States's Department of Justice Drug Enforcement Administration Drug Task Force. Your affiant's duties in this capacity include the investigation and enforcement of illegal drug and money laundering violations." (*Id.*, Exhibit B, pg. 3, at ¶ 1). Agent Tom Jacobs, in his Declaration, reaffirms this fact, stating that "in [his] capacity as a DEA Special Agent," he assisted in the execution of the search warrant. (*Id.*, Exhibit D, at ¶ 3).

In addition to the sworn statements of Marzec and Jacobs, other documents underlying the Marzec/Jacobs motion and Hickman response include references to the DEA. The Notices of

Seizure, identifying the 1999 Dodge Durango and U.S. currency seized, provides in its opening statement: "The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881 . . . ." (*Id.*, Exhibit A, at pp. 4-5). Not only was the property seized by the federal government, but the investigation leading up to the seizure was also conducted by the DEA.

Plaintiff Hickman has himself offered a DEA Report of Investigation to show that his correct address was known, and that report states that "members of the DEA Task Force were conducting surveillance." (Hickman response, Exhibit A, at p. 1)(attached as Exhibit 2).

Plaintiffs' allegations are grounded upon a search warrant sought and executed by the DEA. To the extent, then, that Plaintiffs challenge the policies, training and authorization of any entity, logic would dictate that they are those of the DEA, not Town. The challenge must be "attributed to a municipal policymaker." *Tuttle*, 471 U.S. at 823-24. This is not possible where the federal government, and not the Town of Delmar, entirely conducted the activity in question.

The only connection between the challenged conduct and Town of Delmar is Defendant Marzec's employment with the Delmar Police Department. Marzec, however, has been acting as a DEA Task Force Officer since 1997. He was conducting an investigation on behalf of the DEA and sought the search warrant as part of that investigation.[3]

Even assuming that Defendant Marzec's actions could be connected to his employment as an officer for the Delmar Police Department, Town cannot be held vicariously liable for those actions. *See Monell*, 436 U.S. at 694. Furthermore, Plaintiffs have not identified a municipal policy, executed by Marzec, that formed the root of their allegations of unconstitutional conduct.

---

[3]   It is noteworthy that Defendant Marzec is represented by the United States Attorney's Office, an implicit recognition by the federal government that Marzec was acting on its behalf, through the DEA, at all relevant times.

Instead, Plaintiffs point to one act by, essentially, one person. A single incident of unconstitutional conduct is not enough to establish liability under § 1983. *See Tuttle*, 471 U.S. at 823-24.

### III.  Conclusion and Prayer for Relief

The challenged conduct is attributable to the DEA and individuals acting on its behalf. The individuals' actions toward Plaintiffs cannot be attributed to the Town of Delmar through any means that can lead to civil liability for the Town.  Wherefore, Defendant Town of Delmar respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs' Second Amended Complaint as to the Town of Delmar.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

*/s/ Daniel A. Griffith DE ID No. 4209*
DANIEL A. GRIFFITH, ESQUIRE
DE Bar ID No. 4209
JOHN A. MACCONI, JR., ESQUIRE
DE Bar ID No. 4430
1220 North Market St., 5th Floor
P.O. Box 8888
Wilmington, DE  19899-8888
*Counsel for Defendant Town of Delmar*

Date:  October 26, 2007