**EXHIBIT "2"**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVE HICKMAN | ) | |
| | ) | |
| Plaintiff, | ) | CONSOLIDATED |
| | ) | Civil Action No. 05-811-KAJ |
| | ) | Civil Action No. 05-839-KAJ |
| v. | ) | |
| | ) | |
| DETECTIVE MARZEC, in his | ) | |
| Individual and official caqpacity, | ) | |
| DAVID HUME IV, TOWN OF | ) | |
| DELMAR, DEPARTMENT | ) | |
| OF DRUG ENFORCEMENT, | ) | |
| And AGENT TOM JACOBS * | ) | |
| | ) | |
| Defendants, | ) | |

FILED
APR 1 0 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
scanned

MEMORANDUM RESPONSE TO DEFENDANTS
MARZEC'S AND JACOBS MOTION TO DISMISS OR IN THE
FOR SUMMARY JUDGMENT

*Steve Hickman*
Steve Hickman, Pro se

Dated: April 7th 2006

* Defendant Agent Chris Quaglino is part of 05—839-KAJ and has failed to respond to complaint

### DEFENDANTS MARZEC'S AND JACOBS ARE NOT ENTITLED TO HAVE MOTION OF DISMISS GRANTED NOR BY LAW EXPECTANCY OF A SUMMARY JUDGMENT

### [1] PLAINTIFF HAS STATED A FEFERAL CONSTITUTIONAL RIGHT AGAINST ILLEGAL AND UNREASONABLE SEARCH SEIZURES AND AS MATTER OF LAW FEDERAL COURT DO HAVE POWER AND AUTHORITY TO GRANT RELIEF

On September 21st, 2005, Detective Marzec, Agent Tom Jacob's and Agent Chris Quaglino [several others officer not named at this time] came to Hickman's Residence in Lincoln, Delaware, with an Arrest Warrant for a charge he had already Been arrested for in June of 2005, by Detective Marzec. [ A Double Jeopardy claim Was filed about that issue in Federal Court and no response at this time has been Received] I and my family suffered needless humiliation, emotional harm and Distress for that mistake.

On that same date, the named defendants utilized an invalid search warrant to Search, seized, harass, embarrass, terrorize and threaten and harm me and my family At gunpoint and handcuff and treat them very rudely.

(a). The search warrant clearly stated the residence to be searched was a trailer, color tan/beige with white trim, at 9008 Greentop Rd, Ellendale, Delaware.

(b). The house I live in is not a Trailer, but a Double Wide, its Color is not tan/beige with trim, and it is not located Ellendale Delaware. [No such address or place exist in Delaware.[There is about five to six miles from Ellendale to Lincoln were I live. (ALSO SEE ATTACHED EXHIBIT "A-1")

(c). There is no excuse for this error by Detective Marzec, because this is a consisten patern in his unethical Police work and he knows the difference between

Ellendale and Lincoln [Exhibit A] A police report file by him clearly verifies this were

He stated: " 4. At approximately 1:15 p.m., HICKMAN traveled from his Green Top Road residence, Lincoln, DE on N. Old State Road before the wooded lot (address not obtained) . HICKMAN remained a short time period and continued traveling to New Hope Road Ellendale, Delaware. Observed by TFO Marzec. HICKMAN parked his truck in the dead-end area of New Hope Road "THE HOLE".

ARGUMENT

Justice Brennan of Supreme Court in Bivens v SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS, 403 us 388, 29 l.Ed 2d 619 91 S.Ct 1999 stated the following, " The command against unreasonable searches and seizures, by a federal agent acting under color of federal authority, gave rise to a federal cause of action for damages consequent upon the agent's unconstitutional conduct.

The Supreme Court in Bivens, on said "The Fourth Amendment provides that "The right of the people to be secure in their persons, houses, papers and effects against searches and seizures, shall not be violated....

In Bell v. Hood , 327 U.S. 678 (1946, we reservewd the question whether Violation of that command by a federal agent acting under color of his authority gives Rise to a cause of action, for damages consequent upon his unconstitutional conduct. Today we hold that it does.

DETECTIVE MARZEC AND AGENT TOM JACOBS AS WELL AGENT CHRIS QUAGLINO ARE NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEY DIDN'T ACT IN GOOD FAITH AND VIOLATED CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS.

2

## ARGUMENT

The named defendants sought to put the cart before the horse and the plaintiff Suffered greatly as a result and is still suffering. As a result of the illegal searched and Seizures, as a direct result of a search warrant for an non-existent address and for a Trailer not the Double wide, I lived in and even the color wasn,t right, now they ask The Court justify their sloppy and lack of proper police work, that reflect back on Their poor supervision and training.

(2). Their in complete investigation is the net cause of the damages done to me and my family. (a). They not proof of drug sales or transaction happening at my Lincoln residence. (b). The day of the arrest based on an illegal arrest warrant and illegal search warrant verified no evidence of drug dealing. (c) No new criminal charges federal or stated resulted.

Also Marzec, found not the slightest hint of Drug Transaction or Drug related Items or evidence of any kind of Drugs. He acted on a hunch and not probable cause And did not do the things a well-trained and supervised police Officer would have Done and these actions did violated my constitutional rights as well as those of my Family.

He seized numerous business records and receipts verifying the $12,000 (plus) Dollars he seized was legal and lawfully earned and he seized a Dodge Durango, which Wasn't connected with any crime, but left the Chevy pickup in the yard. [When asked Why he took the Durango, he stated he didn't want that piece of junk.] He has yet to Explain the reasoning and rationale behind the seizures.

He said it was a DEA [Federal operation], but (a). He had an Delaware arrest Warrant and a Delaware Search warrant, signed by a Delaware Judge. Now he ask the Court to excuse him for not missing his target by a couple of houses or a few city Blocks, but several miles, stating that the two towns are in the same County. This is not Not only unconstitutional but unrealistic. The whole picture was Marzec, was hoping To find evidence to justify his intrusions upon rights rather than as a well-trained and Supervised police officer, would have completed his investigation after establishing Probable cause and not acted on a hunch.

The Court stated the following:

" If explicit congressional authorization is an absolute prerequisite to the power of a federal court to accord compensatory relief regardless of the necessity or appropriateness of damages as a remedy simply because of the status of a legal interest as constitutionally protected, then it seems to me that explicit congressional authorization is similarly prerequisite to the exercise of equitable interests. Conversely, if a general grant of jurisdiction empower a federal court to grant equitable relief for all areas of subject matter jurisdiction enumerated therein see 28 U.S.C. subsection 1331(a), then it seems to me that the same statute is

sufficient to empower a federal court to grant a traditional remedy at law. Of course the special historical traditions governing the federal equity system, see Sprague v Ticonic National Bank, 307 U.S. 161 (1939)

I, have indeed state a cause of action that falls within a "Bivens" claim and

The named defendants action have violated several clear edicts of the United

States Constitution and in doing so they are not deserving of the goof faith exception

Because they acted outside the accords of that of a well-trained and supervised

Police officer acting on a hunch and not probable cause established through an

Incompleted investigation.

Respectfully, submitted

Steve Hickman, pro se

Dated April 6, 2006

I, Steve Hickman verify service of the attached Memmorandum upon all Parties listed below, on this __6__ th day April 2006, with my signature, via U.S. Postal System.

Cc: Mr. Colm F. Connolly, Esq.,    Town of Delmar

*Kathleen E. Walton*
*Notary Public*
*April 6, 2006*

Steve Hickman
9008 Green Top Rd
Lincoln DE 19960

Clerk
U.S. District Court
844 King St
Wilmington, DE 19801

U.S.M.S.
X-RAY

APR - 7

EXHIBIT "A-1"

**U.S. Department of Justice**
Drug Enforcement Administration

| REPORT OF INVESTIGATION | | | Page 1 of 5 |
|---|---|---|---|
| 1. Program Code | 2. Cross Related Files File | 3. File No. | 4. G-DEP Identifier |
| 5. By: TFO Marvin Mailey  At: Dover Task Force  Dover, DE | ☐ ☐ ☐ ☐ | 6. ▓▓▓▓▓▓▓▓ | |
| 7. ☐ Closed  ☐ Requested Action Completed  ☐ Action Requested By: | ☐ | 8. Date Prepared  07/05/05 | |
| 9. Other Officers: TFO Ronald Marzec, TFO Robert Whitman, I/A Chris Callahan, Chief Hal Saylor of Delmar PD, S/A Matt Hackett and S/A Brad Cale of DEA Airwing Unit. | | | |
| 10. Report Re: Surveillance/Arrest of Steve HICKMAN and ▓▓▓▓▓▓ cquisition of Exhibits N-1, N-2, N-3 and Exhibit 2 on June 30, 2005 | | | |

## SYNOPSIS

On June 30, 2005, members of the DEA Task Force were conducting surveillance on Steve HICKMAN when HICKMAN was observed meeting with his source of supply Australia MACKEY in Georgetown, Delaware. HICKMAN and ▓▓▓▓▓▓ were arrested with approximately 3 ounces of cocaine and approximately $155.00 United States Currency.

## DETAILS

1. At approximately 9:30 a.m., members of the DEA Task Force conducted surveillance on Steve HICKMAN in Lincoln, Delaware.
2. At approximately 10:38 a.m., an unknown black female driving a silver Dodge Durango (large chrome wheels) with an unknown Delaware registration arrived at HICKMAN's Green Top road, Lincoln, DE residence. Observed by I/A Callahan and TFO Mailey.
3. At approximately 1:00 p.m., Steve HICKMAN was observed driving a blue Chevrolet pick up truck Delaware C82769. HICKMAN departed his Green Top Road residence. Observed by TFO Marzec.
4. At approximately 1:15 p.m., HICKMAN traveled from his Green Top Road residence, Lincoln, DE enroute to Ellendale, DE. HICKMAN stopped at the last house on N.Old State Road before the wooded lot (Address not obtained). HICKMAN remained a short time period and continued traveling to New Hope Road Ellendale, Delaware. Observed by TFO Marzec. HICKMAN parked his truck in the dead-end area of New Hope Road "THE HOLE".

A-1

| 11. Distribution:  Division  District  Other | 12. Signature (Agent) | 13. Date |
|---|---|---|
| | 14. Approved (Name and Title) | 15. Date |

DEA Form - 6
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.